## WILLIAM BOWLING v. A. J. BURTON.

### *Deed— Warranty—Easement—Pleading.*

1. B. conveyed to C. all his interest in a tract of land, together with all his interest in certain mills, and his "right to erect dams * * * at said mills, with all and singular the hereditaments and appurtenances thereunto belonging," and covenanted to warrant and defend all his right, title and interest therein in " and to said granted premises, with the said hereditaments and appurtenances forever; *Held*, that the deed conveyed all the easements appurtenant to the lands and mills as they existed at the time of its execution; and the vendee could maintain an action upon the covenant of warranty for damages from failure of title to and eviction from such easement.

2. A defective statement of a cause of action is ground for demurrer (when the Court may allow or require an amendment) but not for a dismissal of the action.

This is a CIVIL ACTION, tried before *Shipp, J.*, at August Term, 1888, of PERSON Superior Court.

The following is a copy of the plaintiff's complaint:

1st. That on the 28th day of March, 1883, by a certain deed, which is hereto annexed and asked to be taken as a part of this complaint, the defendant A. J. Burton and Nannie L. Burton his wife, for a valuable consideration therein

stated, bargained, sold and conveyed to the plaintiff a certain tract or parcel of land described as follows : " All of their interest (the said interest being one undivided half) in a certain tract or parcel of land upon the waters of Flat River, and known as the Burton Mill tract, containing by estimation forty-five acres, be the same more or less, and bounded as follows :         *         *         *         *         *         *
Together with all of their interest in the Burton Mills and their right to erect dams across the river at said mills, with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining, and the reversion and reversions, remainder and remainders, suits, issues and profits thereof, and all the estate, right, title, interest, claim and demand whatsoever of the said parties of the first part, either in law or in equity, of, in and to the above granted interest in the premises, with the said hereditaments and appurtenances : To have and to hold the above mentioned and described interest in the premises, with the appurtenances and every part and parcel thereof, to the said party of the second part, his heirs and assigns forever."

2d. That among other things in said deed, the defendant did covenant with the plaintiff " to warrant and forever to defend the before granted interest in the premises, and every part and parcel thereof, now being in the quiet and peaceable possession of the said party of the second part, against parties of the first part, their heirs, executors administrators and assigns, and against all and every other person or persons claiming or to claim the said interest in the premises, or any part thereof."

3d. That plaintiff hath not at all times since the making of said indenture and deed been able to peaceably and quietly enjoy the said premises, but on the contrary he alleges that one Monroe Cash, who at the time of the making of said deed, and continually from that time up to the 15th day of

November, 1884, had and still hath a lawful title to the land on both sides of said Flat River above and adjoining the land herein described, instituted an action in the Superior Court of said county and State, against this plaintiff and his co-tenant J. I. Cothran, for ponding the water on the lands of said Monroe Cash and injuring various springs of water on the lands of said Cash, and on the said 15th day of November, 1884, recovered judgment against the plaintiff and Cothran, for the sum of ninety dollars per annum for five years and the cost of the action.

4th. That in accordance with the terms of said judgment, and in order to avoid the necessity of another suit, the plaintiff has been compelled to tear down the dam to his saw mill at least two feet at a very great cost, to-wit : $75.00, which has very materially reduced the capacity of said mill and impaired its value.

5th. That plaintiff has already paid the cost of said action, $144.68 and $252.50, said judgment for damages, and expended about $50.00 in a petition to have said judgment modified.

6th. That by reason of the failure of the covenant of the defendant, plaintiff hath not only lost and been deprived of the premises as aforesaid, but has been obliged to expend, and has expended, a large sum of money, to-wit : $502.50, in the payment of costs and charges recovered against him by the said Monroe Cash in the action aforesaid, for ponding water on his land and injury to the springs of said Cash, as ·well as to spend much time and labor in the defence of said action to the great damage of said plaintiff.

Wherefore the plaintiff demands that he recover of defendant the sum of $502.50, together with interest from November 15th, 1884, and the costs of the action to be taxed by the Clerk.

The defendant having answered, the court gave the judgment following :

" In the above entitled action it is considered by the Court that the complaint does not state facts sufficient to constitute a cause of action. Whereupon the plaintiff being called and failing to appear is non-suited, and the defendant will recover of the plaintiff the cost of this action to be taxed by the Clerk."

From which the plaintiff appealed.

*Mr. A. W. Graham,* for the plaintiff.
No counsel for the defendant.

MERRIMON, J., (after stating the case). We do not doubt that the injured party can maintain an action in a proper case for a breach of the covenant of warranty of the title in a deed conveying a tract of land, on which is situate a mill and a dam connected therewith that embraces an easement as to ponded water, occasioned by such dam or back-water therefrom, on an adjoining tract of land of another person, and like easements incident and necessary to the free use and beneficial enjoyment of the mill and dam conveyed, although such easements are not expressly mentioned in the deed or covenant. If the deed, in effect, though not in terms, embraced them, and the covenant is comprehensive enough to include them, a breach thereof, in respect to such easements, is actionable. This is so, because, in the nature of the matter—nothing to the contrary appearing—a party who conveys a mill and dam, or other thing, conveys whatever and all that he has or claims and purports to have, at the time of the conveyance, in connection therewith incident to and necessary to the just enjoyment of the thing he undertakes and proposes to convey. It is not to be presumed that a vendor sold property in a less complete condition, as to things incident and appurtenant to it, than it appeared to be at the time he sold it. Thus, if he sold a mill and dam and the site thereof, and he appeared and professed to have a right

in connection therewith to pond water on the land of another, the deed, nothing to the contrary appearing, would be construed as embracing and conveying such easement as incident to and part of the mill, dam and site, to the extent and in the measure he appeared and professed to have and own it. Otherwise, he would sell a property different from and less valuable than that he professed to sell. The right to so pond the water might be essential to give the mill practical value. Indeed, it might be valueless without the easement, and it might be less valuable if the easement should not exist to the extent claimed by the vendor.

The easement being thus incident and appurtenant to the property sold, and constituting part of its value, it must be taken that the vendor paid for it. It, therefore, fully comes within the covenant of warranty of title, and the vendee would have his remedy for a breach of the covenant in respect to it. *Whitehead* v. *Garris,* 3 Jones, 171; *Everett* v. *Dockery,* 7 Jones, 390; *Adams* v. *Connover,* 87 N. Y., 422; Avy on Water Courses, § 153, *et seq. ;* Gould on Water, § 303; Wach on Easements, 133, *et seq.*

In this case, the terms and scope of the deed of conveyance relied upon by the plaintiff are broad and comprehensive. They certainly embrace the right to erect dams across the river at the mills mentioned, and to pond the water as and to the extent claimed and exercised by the vendor at the time he executed the deed. The covenant of warranty of title is correspondingly comprehensive. If the vendor, at the time he sold and conveyed the land and mills to the plaintiff, claimed and exercised the right to pond the water on the land of an adjoining owner, by the erection of dams across the river, then his deed to the plaintiff embraced that right, and so did the covenant of warranty therein ; and the plaintiff can, for the reasons already stated, maintain his action, if there was a breach of the covenant in respect to such right.

The assignment of the breach of covenant in the complaint is very general and defective; it should have been made more specific and definite as to the extent and nature of the easement, and the breach of the covenant in respect thereto; but we think the complaint is not so defective in the respect mentioned as to warrant the Court in forcing the plaintiff to suffer a judgment of non-suit. A cause of action is defectively—imperfectly stated, and this might be ground for demurrer, but not for a motion to dismiss the action, because the complaint does not state facts sufficient to constitute a cause of action. The plaintiff might have been allowed to amend the complaint, and if the defendant would not require a better pleading, the Court might, *ex mero motu*, have required him to make proper amendments. *Johnson* v. *Finch*, 93 N. C., 205; *Halstead* v. *Mullen*, Id., 252; *Warner* v. *The Railroad Co.*, 94, N. C., 250.

It seems, however, that the Court was of opinion that the plaintiff alleged no cause of action at all, and it therefore gave the judgment of non-suit appealed from.

There is error. Error.