THOMAS HUNT *vs.* CITY OF BOSTON.

Suffolk.    March 13, 1890. — September 4, 1890.

Present: FIELD, DEVENS, W. ALLEN, HOLMES, & KNOWLTON, JJ.

*Taking of Land — Evidence — Expert.*

An expert as to the value of land, whose information is based partly upon sales in the neighborhood, in themselves incompetent evidence of the value of the land, cannot, under the guise of fortifying his opinion, testify as to the prices paid at such sales, even if they might properly be admitted in evidence on cross-examination to test his opinion.

On an assessment of damages for the taking of land by a city for park purposes, a witness for the petitioner, after testifying that his opinion of the value of the land was formed from sales of various lots of land that he knew of, was asked on cross-examination which of the lots was nearest to the petitioner's land, and specified the lot. On re-examination he asked what price was paid for that lot. *Held*, that the question was properly excluded.

The petitioner offered to prove the price at which two lots of land, about eight hundred feet from that of the petitioner on the opposite side of the same street, were sold, about three and a half years after the taking. This evidence was excluded, although the same witness was permitted to testify to the price paid at about the same time for similar land nearer to that of the petitioner. The reasons for admitting one sale and rejecting the other did not appear, and the evidence was not reported. *Held*, that the petitioner had no ground of exception, and would have had none if both sales had been excluded.

Evidence offered by the city of sales of several parcels of land in the neighborhood of the lot in question, and of the prices paid thereat near the time of the taking, was *held* to be properly admitted.

PETITION to the Superior Court for a jury to assess the petitioner's damages for the taking of land in Boston for Franklin Park. Trial before *Thompson*, J., who allowed a bill of exceptions, in substance as follows.

The land in question contained about 606,315 square feet, and was situated upon the northwesterly side of Canterbury Street, which forms a portion of the southeasterly boundary of the park, and was taken by the city for park purposes on April 29, 1884. One Ware, who was called by the petitioner as an expert, testified to the value of the petitioner's land, and was asked by the petitioner, " Will you state all the reasons upon which you found your judgment as to the value to which you have testified?" The witness in giving his reasons stated that he had, in 1883, tried to buy various lots of land in the vicinity for which different prices were asked, and had finally succeeded in purchasing a lot at a certain price. Upon the respondent's objecting to the prices of particular lots of land being stated, the judge ruled " that the witness could not state any specific price paid for any particular lot of land, but could state that he arrived at his judgment as to the value from inquiries he had made, and from responses which were given; that if he knew of sales, he could also state that his judgment was formed from the prices which were paid at these sales, but that he must not give the prices." To this ruling the petitioner excepted.

A witness for the petitioner, after stating, on cross-examination, that his opinion of the value of the petitioner's land was formed from sales of land that he knew of, was asked what lot of land of the sale of which he had knowledge was nearest to that of the petitioner, and replied that he knew of a lot about half a mile from that of the petitioner. Upon re-examination, the petitioner asked the witness to state the price at which the lot referred to by him was sold. Upon the respondent's objection, the judge excluded the question, and the petitioner excepted.

One Thompson, called as an expert by the petitioner, was permitted to testify, under the respondent's objection, to the prices paid for lots of land sold by him in the fall or early winter of 1887, which were similar to the petitioner's land, and were situated on the southeasterly side of Canterbury Street, distant about four hundred feet from the land of the petitioner. The

witness then testified, that in December, 1887, or in February, 1888, he sold two other lots also situated on the southeasterly side of Canterbury Street, and distant from eight to nine hundred feet from the land in question, and very similar to it. The judge, upon the respondent's objection, excluded the prices received by the witness for the last two lots referred to, and the petitioner excepted. The bill of exceptions did not set out the reasons given for admitting the prices paid for the former lots, and excluding those paid for the other lots, nor contain further report of the evidence respecting them.

The respondent was permitted, against the petitioner's objection, to put in evidence a sale to one Fottler, in September, 1884, for $5,100, of about three acres of land, situated between Blue Hill Avenue, into which Canterbury Street runs, and Back Street, distant about a quarter of a mile southerly from the petitioner's land. The only description given of this land was as follows. Two estates intervened between it and that of the petitioner, and fifty acres of land owned and used by the city for almshouse purposes were situated a short distance from it, and in full view of it. It had a frontage of about two hundred and fifty feet on the avenue, from which it gradually rose to where certain houses were built upon it, and then remained on a level with the street in the rear, and was a very good piece of land, — a high knoll, valuable for cultivation and free from rocks or ledges.

The respondent was also allowed, against the petitioner's objection, to put in evidence sales of five lots of land on the southeasterly side of Canterbury Street nearly opposite the petitioner's land, at intervals from 1882 to 1887, for prices varying from four to six cents a foot. These lots were somewhat less than four hundred feet in depth, and from fifty to two hundred feet in width. One lot was somewhat higher than the petitioner's, but the other four gradually sloped away from the street, and were about as high as the land of the petitioner. The petitioner introduced evidence that the four lots last referred to were upon an average two feet lower than the petitioner's land, and sloped back at a distance of three or four hundred feet to a swamp; and, further, that it would cost from ten to twelve cents a foot to fill them to a level with the petitioner's land.

The jury returned a verdict for the petitioner for the sum of $46,764.05 ; and the petitioner, being dissatisfied therewith, alleged exceptions.

*P. A. Collins & F. L. Evans,* for the petitioner.

*A. J. Bailey,* for the respondent.

W. ALLEN, J.  A witness for the petitioner, who gave his opinion, as an expert, of the value of the land taken, was asked by the petitioner to state all the reasons upon which he founded his judgment as to the value to which he had testified.  The witness stated, among other reasons, the knowledge he had of sales of land in the neighborhood, the sales not being such as were competent evidence of the value of the petitioner's land. The petitioner asked for the particulars of such sales, but the court excluded them, and did not allow the witness to state, as a reason for his opinion, the specific prices paid for particular lots of land.  We think that the evidence was properly excluded.  A party cannot put in evidence incompetent facts under the guise of fortifying the opinion of his witness, even if the evidence might have been properly admitted on cross-examination to test the opinion of the expert.  As the sales were not evidence, they were only the acts or declarations showing the opinion of third persons.  The fact that the witness founded his judgment upon opinions expressed by declarations or acts of third persons, did not make such declarations or acts competent either as substantive evidence or to sustain the opinion of the witness.  Such evidence goes far beyond stating the grounds or reasons of the opinion.  See *Keith* v. *Lothrop*, 10 Cush. 453 ; *Dickenson* v. *Fitchburg*, 13 Gray, 546 ; *Edmands* v. *Boston*, 108 Mass. 535.

A witness for the petitioner, who had testified that his opinion of the value of the land was formed from sales of land that he knew of, was asked on cross-examination what lot of land, of the sale of which he knew, was nearest to the petitioner's land, and specified the lot.  On re-examination the witness was asked at what price the land was sold, and the question was properly excluded.  The price was not competent in itself, and was not made so by the examination of the respondent.

The petitioner offered to prove the price at which two lots of land, about eight hundred feet from the petitioner's land on the

opposite side of the same street, were sold about three and a half years after the taking of the petitioner's land. The evidence was excluded, although evidence of the same witness to the price paid about the same time for similar land adjoining this, but nearer to the petitioner's land, was admitted. The evidence is not reported, and the reasons for admitting one sale and rejecting the other do not appear; but whatever they may have been, the petitioner has no ground for complaint, and would have had none, had both been excluded.

The other exceptions are to the admission of evidence of sales of several parcels of land in the neighborhood of the petitioner's land, and before and after the time when it was taken, and of the prices paid on such sales. The evidence in regard to such sales is set out in the exceptions, and we think fully justified the court in admitting them. *Roberts* v. *Boston*, 149 Mass. 346, and cases cited.     *Exceptions overruled.*