SUTTON v. CATAWBA POWER CO.

1. DAMAGES—DAM—NEGLIGENCE—CATAWBA POWER COMPANY.—Under the Act, 23 Stat., 207, authorizing the Catawba Power Company to construct a dam across Catawba river, a navigable stream, the company is made liable for damages to lands of a riparian owner, whether there was negligence or not in the construction of the dam.

2. NONSUIT.—There being at least some testimony tending to show that the coffer dam was one of the immediate forces that precipitated the flood waters against the protective embankments of the plaintiff, the issue was properly sent to the jury.

.3. NEW TRIAL.—Of the exceptions alleging error in refusing new trial, the only one that can be considered by this Court is whether the verdict was without any evidence to support it.

Before DANTZLER, J., York, February, 1903.    Affirmed.

Action by A. E. Sutton against Catawba Power Co. From judgment for plaintiff, defendant appeals.

*Messrs. Russell G. Lucas and Wilson & Wilson,* for appellant, cite: *Plaintiff can only recover on proof of negligence:* 34 S. C., 62; 71 S. C., 241; 13 S. C., 97; 30 Vt., 638; 23 N. Y., 42; 33 W. Va., 39; 19 Rich., 174; 28 S. C., 388; 33 N. E., 451; 109 N. C., 692; 20 Or., 486; 7 N. E., 801; 23 N. E., 273; 1 Abbott's Forms Plead., 579; 11 S. E., 316; 34 S. C., 62; Gould on Waters, sec. 251. *There was a total failure of evidence to show any negligence:* 21 Ency., 510, 511; 19 S. C., 20; 26 S. C., 49; 25 S. C., 24; 8 Ency., 869, 870; 31 Vt., 638; 17 Cal., 536; Farnham on Waters, sec. 89; Gould on Waters, secs. 248, 248a; 10 Watts, 86; 99 U. S., 635; 5 S. C., 5; 25 S. C., 476; 21 Ency., 501, 502; 119 Mich., 389. *If there were evidence of negligence there is no evidence of it being the proximate cause of plaintiff's injury:* 21 Ency., 483, 485; 36 S. C., 93; 38 S. C., 282; Sherman & Red. on Neg., sec. 57; 8 Ency., 716; 16 N. Y. Supp., 654; 14 Tex. Civ. App., 435; 71 Mo. App., 450; 24 Grant's Ch. (V. C.), 1; 3 S. C., 438; 27 L. R. A., 762; 21 Ency., 516; 48 S. E., 508; 45 S. E., 188; 13 S. C., 97; 30 Ency., 376; 54 S. E., 25; Gould on Waters, sec. 258. *Plaintiff was permitted to recover for acts of negligence not alleged:* 50 S. C., 397; 32 S. C., 142; 54 S. E., 477; 30 S. C., 218; 54 S. E., 373; 70 S. C., 21; 48 S. E., 285; 114 Mich., 233; 11 Ency. P. & P., 167, 158, 159, 162, 148; 80 Mo., 297; 17 Neb., 366; 37 Am. Dig., Ev. Col., 696; 46 *Id.,* 1598; 14 Ency. P. & P., 342, 343; 90 S. W., 103; 41 Mich., 433; 3 N. E., 636; 88 Ill., 551; 27 Pac., 91; 64 Mo., 246; 49 Mich., 184; 62 S. C., 1. *As to refusal to grant new trial:*

12 Fla., 479; 38 N. E., 975; 86 Mo., 71; 2 Johns (Cas.), N. Y., 206; 20 Tex., 568; 25 S. C., 24; 14 Ency. P. & P., 761, 771, 769, 780; 144 Ind., 25; 1 App. Cas. (D. C.), 169; 103 Cal., 678; 19 Minn., 245; 27 S. E., 668; 13 Pich., 543; 66 S. C., 61; 54 S. E., 375; 38 S. E., 40; 54 S. E., 275; 62 Wis., 137; 63 Wis., 596; 2 Farnham on Waters, 1676; 63 S. C., 462; 12 N. E., 427; 22 Atl., 989; 47 S. E., 226; 13 Ency., 707; 8 Col., 90; 11 Ill. App., 28; 36 N. Y., 83; 13 Wend., 601; 1 Wash., 227; 2 McL., 611; 1 A. K. Marsh, 67.

*Messrs. G. W. S. Hart, John R. Hart, J. S. Brice* and *J. C. Wilborn,* contra. *Mr. G. W. S. Hart,* cites: *Error cannot be predicated on allowance of amendment before trial:* 68 S. C., 508; 37 S. C., 122; 37 S. C., 281; 12 Rich., 697; 1 Speer., 331. *There being some evidence in support of complaint, nonsuit properly refused:* 75 S. C., 144; 37 S. C.; 343; 63 S. C., 466.

March 16, 1907. The opinion of the Court was delivered by

Mr. Justice Gary. This is an action for damages in which the plaintiff alleges:

"1. That she is a married woman, and was and is seized and possessed in her own right of two certain tracts or parcels of land near to each other, situate and lying on the east bank of Catawba River, in said county, adjoining lands of L. S. Nivens, J. R. Haile, the defendant (Catawba Power Company), Sallie Leonard and others, and containing, in the aggregate, two hundred and seventy-two acres, more or less.

"2. That the said Catawba Power Company is a corporation, organized under the general incorporation laws of said State, and is a resident of and doing business in York County; and Catawba River is a large navigable stream therein.

"3. That prior to the 18th day of April, 1901 (as it was authorized by statute to do, subject to the provision that it

should be liable for all damages caused by its so doing), the defendant herein began the construction of a dam across the said Catawba River, from the east bank of the river, about three hundred yards above plaintiff's lands, for the purpose of impeding and storing the waters of said river; and also, on the west side of said river, at a point a short distance below where the unfinished dam projected into the same, had built of stone and timber an extensive structure known as a coffer dam, of a height of about thirty feet, which extended from the west bank of said river to and beyond the middle thereof one hundred and fifty feet.

"4. That owing to the construction of the said dam and coffer dam in the said navigable stream, and to the wanton and negligent manner in which said dam and coffer dam were constructed, without due regard to the rights of plaintiff herein, the waters and flood waters of said Catawba River were on or about the said 18th day of April, 1901, and days following, diverted from their proper channel by the obstructions aforesaid, and were turned with great force and in great volume upon and across the lands of plaintiff, tearing away projecting embankments, tearing up and washing off the soil and depositing sand and other worthless substances on the land, and rendering a large part of the same unfit for cultivation and of no value whatever.

"5. That by reason of said continued coffer dam construction in said river, which was subsequently, in the early summer of 1901, built and extended yet further into and across said river, the flood waters of said river thereafter continued to be diverted from their proper channel, and were driven over and across plaintiff's said lands, tearing up and carrying away the soil of other portions of her said lands, and the lessening of the income and profits accruing thereon, and rendering other large portions thereof unfit for cultivation or other use.

"6. That said coffer dam obstruction, of the height aforesaid, is yet standing from the west bank into and partly

across the said river, and is daily being extended further into and across the same.

"7. And plaintiff alleges that she has sustained injury and damage, through the injury and damage to her said lands, and the lessening of the income and profits accruing therefrom, by reason (of the construction of the said dam and coffer dam) and the negligent and wanton manner of their construction, in disregard of her rights and of the defendant's duty, to the amoutn of ten thousand ($10,000) dollars."

The defendant denied the allegations of the complaint, except the formal portions thereof.

The jury rendered a verdict in favor of the plaintiff for $1,500.00, and the defendant appealed upon exceptions, the first of which is as follows:

"1. Because his Honor erred in refusing defendant's motion for a nonsuit, on the ground that there was no testimony going to show that the defendant constructed its dam and coffer dam negligently and in disregard of plaintiff's rights—the error consisting in that under the order passed by Judge Townsend amending complaint, dated November 16th, 1903, and sustained by the Supreme Court, the only causes of action alleged in the complaint were: (1.) Constructing the dam and coffer dam without due regard to the rights of plaintiff; and, (2) constructing the dam and coffer dam in a negligent and wanton manner, and there is no testimony offered by plaintiff proving or tending to prove either of these allegations."

The act of 1899 (23 Stat., page 207), authorizing the defendant to construct a dam across the Catawba River, concludes with this *proviso:* "That said corporation shall be liable for all damages caused by building said dam."

In his charge to the jury his Honor, the presiding Judge, thus construed the said *proviso:* "The plaintiff also charges that the defendant is made liable by the act of the Legislature for all damages caused by the construction of the dam. As to that I charge you that the Catawba River, being a

navigable stream, it would have been unlawful for the defendant or any one else to build a dam across it without the consent of the State, which was obtained by the Act of the Legislature, which you have heard read. That Act, which says: 'The said corporation shall be liable for all damages caused by the building of the said dam,' was intended to prevent the possibility of the act being construed to have any other force or effect than to give the defendant the State's consent for it to build a dam. It was not intended thereby to put upon it any greater or different liability for damages, than one private person would incur to another, by reason of building a dam across any non-navigable stream. The law of the case and the rights of the parties and their liabilities are just the same, as if the suit was by one private citizen against another, for the obstruction of any ordinary creek or branch, which is not navigable, under the same state of facts and circumstances."

The appellant's attorneys have cited numerous authorities to sustain the proposition, that when the State confers the right to build a dam across a navigable water course, the grantee is not liable in damages for injury to the lands of a riparian owner, arising merely from the construction of the dam, but that it is essential to a recovery of damages that there should be proof of negligence in the construction of the dam.

As a general statement of the rule this is undoubtedly correct. *Gibson* v. *United States,* 17 Sup. Ct. Rep., 578.

The Legislature, however, has the right to make the grantee liable for damages to the lands of a riparian owner, resulting from the construction of the dam, even when the grantee was not guilty of negligence. The presiding Judge charged in effect, that such was the intention of the Legislature in this instance, and as there was no appeal from his construction of said act, the question is *res judicala.*

But even if it was an open question, this Court would place the same construction thereon.

We now come to the main issue in the case, to wit:

whether there was any testimony tending to show that the construction of the dam or coffer dam, was one of the proximate causes of the damages sustained by the plaintiff. There was at least some testimony tending to show, that the coffer dam was one of the immediate forces that precipitated the flood waters, against the protective embankments of the plaintiff, and, therefore, the issue was properly submitted to the jury.

Under this view it is not necessary to consider whether there was any testimony as to negligence, in the construction of said dams.

The second exception is as follows: "2. Because his Honor erred in instructing the jury that they might find for the plaintiff if they found that she was injured by defendant's negligence, the error consisting in not confining them to the consideration of negligence, in constructing the dam and coffer dam."

The following charge of the presiding Judge shows that this exception cannot be sustained: "If you find that the defendant was not guilty of negligence in the particulars alleged in the complaint, and that it exercised its rights in a reasonable way, with due regard to the rights of the plaintiff, your investigations would end and your verdict would be for the defendant.  Again, if you find that the defendant was negligent in the particulars charged, or that the exercise of its rights or manner of exercising them was not reasonable, then you ask yourselves the question, was any of these things the cause of the plaintiff's injury, if she has been injured; because as I have told you unless you find that these things were the cause of the injury, you couldn't hold the defendant liable."

The third exception is as follows: "Because his Honor erred in refusing defendant's motion for a new trial on the grounds, (a) That the verdict was entirely without evidence to support it.  (b) That the verdict was against the weight of the evidence; and (c) that it was excessive; said error consisting in considering and basing

said refusal on the fact that the case had been tried three times, the jury in each case finding for the plaintiff, and in absence of the necessary testimony to sustain plaintiff's causes of action and the finding of the jury."

Subdivision (a) alone can be considered by this Court, and that has already been disposed of.

The fourth exception is as follows: "4. Because his Honor erred in granting plaintiff's motion, made pending the trial of the cause, amending the complaint, in that it materially changed plaintiff's cause of action."

The amendment consisted in striking out the second sentence in paragraph 6 of the complaint, which was as follows: "The plaintiff alleges that by reason of the natural embankments protecting her said lands from flood waters, having been destroyed as herein alleged and by reason of the continued diversion of said river from its natural course at seasons of flood, the remaining portions of her said lands will be destroyed and rendered valueless."

This exception is overruled for the reasons stated by the Court upon the former appeal herein, reported in 70 S. C., 266, 49 S. E., 863.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.