### C. A. GEORGE v. JOHN H. SMATHERS AND JOSEPHINE SMATHERS.

(Filed 22 January, 1930.)

**Party Walls B a—Party building party wall may recover half its cost from adjacent owner using same—Termination of easements therein.**

> Where the owner of lands builds a party wall partly upon his own lands and partly on the lands of the adjacent owner, and the latter builds to and uses the same: *Held,* equity implies that he will pay for such use one-half the cost of constructing the wall, although no express contract has been made concerning it, and upon the accidental destruction of the wall all easements therein terminate.

APPEAL by defendant, John H. Smathers, from *Harwood, Special Judge,* and a jury, at May Term, 1929, of HAYWOOD. No error.

The action grew out of a party wall being destroyed accidentally by fire.

The issue submitted to the jury, and their answer thereto, was as follows:

"Is the defendant indebted to the plaintiff, and if so, in what amount? Answer: $513.92."

*Alley & Alley for plaintiff.*
*Jos. E. Johnson for defendant, John H. Smathers.*

CLARKSON, J. At the close of plaintiff's evidence and at the close of all the evidence defendant moved for judgment as in case of nonsuit. C. S., 567. The court below overruled the motions and in this we can find no error. *George v. Smathers,* 196 N. C., 514.

The court below charged the jury as follows: "The law in this State is that where one adjoining owner constructs a party wall, one-half on his own land and one-half on the land of the adjoining owner, and the

adjoining owner fails to contribute to the expense or the cost of the wall, after the wall has been built by the party in question and the adjoining property owner joins his building to the wall and uses it—makes use of it without paying the man who built the wall his half of the costs of the wall—the man who builds the wall can bring his action against the man who owns the adjoining land, and the man who is using the wall without paying for his half, and recover for half the costs of the wall. Therefore, in this case, if you are satisfied. from this evidence, and by its greater weight, that the plaintiff, C. A. George, constructed a party wall on the line between himself and Dr. Smathers; and if you should find that after the wall was completed, or before the wall was begun, or during the period of its construction, the plaintiff, C. A. George, asked the defendant, J. H. Smathers, to contribute his half of the costs of the wall, and if you should further find from the evidence, after the wall was built and paid for by the plaintiff, George, that Dr. Smathers erected a building on his lot, adjoining the lot owned by the plaintiff, George, and attached his building to the wall built by the plaintiff and used the wall built by George, then George would be entitled to recover from Dr. Smathers for one-half of the costs of that wall."

The defendant excepted and assigned error to the foregoing charge. The assignment of error cannot be sustained.

We think the case of *Reid v. King,* 158 N. C., 85, is practically on all-fours with the case at bar, and fully sustains the charge of the court below.

"Contracts implied in law, or more properly *quasi* or constructive contracts, are a class of obligations which are imposed or created by law without regard to the assent of the party bound, on the ground that they are dictated by reason and justice, and which are allowed to be enforced by an action *ex contractu.* They rest solely on a legal fiction, and are not contract obligations at all in the true sense, for there is no agreement; but they are clothed with the semblance of contract for the purpose of the remedy, and the obligation arises not from consent, as in case of true contracts, but from the law or natural equity. So, when the party to be bound is under a legal obligation to perform the duty from which his promise is inferred, the law may infer a promise even as against his intention." 13 C. J., at p. 244. See *Cole v. Wagner,* 197 N. C., 692.

We do not think the court below erred in sustaining the plaintiff's motion for judgment as in case of nonsuit on the counterclaim.

The controversy arose over the accidental destruction of the original building by fire. When buildings are destroyed, with party walls, ordinarily this puts an end to any easement. The parties by operation of law are put in *status ante.*

In 20 R. C. L., sec. 9, at p. 1088, it is said: "Where a wall is erected half upon each side of the line dividing two properties, and used as a party wall, the easement of support existing in favor of the respective owners in the half of the wall on the other's land ceases at the moment of their accidental destruction, because of the termination of the necessity which gave rise to the easement. If houses having a party wall are accidentally destroyed by fire, leaving the wall standing, the easement in the wall ceases and either owner may dispose as he pleases of the part on his ground."

In 30 Cyc., p. 779, we find: "The easement of support by means of the common party wall, which belongs to adjoining buildings, ceases with the state of things which created it, when the wall is accidentally destroyed, or is so much decayed as to require rebuilding from the foundation."

In the case of *Heartt v. Kruger,* 9 L. R. A., p. 135 (2d headnote) it is held: "The accidental destruction of a party wall, as to the maintenance of which there has been no grant of a perpetual right, will destroy all right in either party to claim an easement in the property of the other for the further support of a party wall notwithstanding some portion of the foundation of the old wall remains standing."

We think the facts in reference to the counterclaim come within the above principles of law. Looking through the entire evidence and the law of this and other jurisdictions, we see in the judgment

No error.