GEORGE W. FERRELL v. DURHAM BANK & TRUST COMPANY (Successor to DURHAM LOAN & TRUST COMPANY) and HOMELAND INVESTMENT COMPANY, INC.

(Filed 5 June, 1942.)

**1. Easements § 2—**

Where the owner of an estate uses one part of the land for the benefit of the other, which use is obvious and manifestly intended to be permanent, and is reasonably necessary to the fair enjoyment of that part of the land so benefited, and thereafter there is a severance of title, the purchaser of the dominant tenement acquires the easement by implication.

**2. Same—Right to use party wall held to pass to purchaser of building by implication although deed did not include land upon which wall is situate.**

The owner of a lot adjacent to a building purchased one-half of the land upon which the adjacent wall of the building was erected by deed stipulating that the wall should be and remain a party wall for the benefit of both parties, their heirs and assigns, and erected a building on his lot using the wall so purchased. Thereafter he executed deed of trust on his lot but the description did not include the strip of land purchased for the party wall. The deed of trust was foreclosed and the defendant acquired title to the lot by *mesne* conveyances. The original owner then conveyed the land upon which his half of party wall is located to plaintiff, who sued to recover rent for the use of the wall. *Held:* The deed of trust and the deed of the trustee to the purchaser at the foreclosure sale conveyed the easement for the use of the wall by implication of law, the easement being incident and appurtenant to the ownership of the lot, and title to the wall was charged with this easement, and the purchaser of the strip of land on which half the wall is located took same subject to this easement, since he could not acquire any title superior to that of his grantor.

APPEAL by plaintiff from *Parker, J.,* at February Term, 1942, of DURHAM.

Civil action to recover rental for use of party wall.

The controversy relates to a party wall extending from south side of Chapel Hill Street in the city of Durham, North Carolina, between the Thomas Book Store and the Grand Central Garage buildings.

The uncontroverted facts with relation thereto are substantially these:

1. On 22 July, 1920, W. K. Dennis, under whom as common source of title both plaintiff and defendants claim, owned a lot of land in the city of Durham, situated on southeast corner of Chapel Hill and Corcoran Streets, that is (a) on south side of the former, (b) on east side of the latter street, (c) west of a lot of land then owned by George W. Watts, on which there was a building known as the Grand Central Garage, and (d) north of the center line of the north wall of the J. T. Christian Press building. The west line of the west wall of the Grand Central Garage building coincided with the east line of the said lot owned by Dennis.

2. On 22 July, 1920, W. K. Dennis, by deed from George W. Watts and wife, for the consideration of one thousand dollars, also acquired title to a strip of land eight inches wide on south side of Chapel Hill Street, and seventy-three or more feet deep, lying along and adjoining the east line of the Dennis lot, which is described in the above paragraph one, on which strip of land was then located the west half of the west wall of the Grand Central Garage building. The said deed, by which this strip was conveyed to Dennis, contained this covenant: "The wall now standing partly on the above described property to be and remain a party wall for the perpetual use and benefit of the respective parties to this deed, their heirs, assigns, successors and grantees, said property being conveyed subject to this condition, and this condition shall be construed to be a covenant running with the land."

3. The west half of the west wall of the Grand Central Garage building, so acquired by Dennis from Watts, became the east wall of the Thomas Book Store building erected on the Dennis lot described above in paragraph one.

4. Thereafter, on 8 January, 1933, W. K. Dennis and wife, for purpose of securing an indebtedness to Durham Loan & Trust Company, executed a deed of trust to F. L. Fuller, Jr., in which they conveyed by specific description the lot of land described in the above paragraph one, but said description did not include the strip of land acquired by Dennis from Watts which is described in the above paragraph two. The *habendum* in this deed of trust reads: "TO HAVE AND TO HOLD said land and all houses, buildings, improvements, fixtures, privileges and appurtenances thereon or thereto pertaining to him, said party of the second part, his heirs and assigns in fee."

5. Pursuant to foreclosure sale under the deed of trust from W. K. Dennis and wife, F. L. Fuller, Jr., Trustee, by deed dated 15 February, 1933, conveyed to defendant Durham Loan & Trust Company the land as therein described "to have and hold . . . together with all appurtenances thereon and thereto belonging," "in as full and ample manner" as he "is authorized and empowered to convey"; and by deed, dated 11 March, 1933, Durham Loan & Trust Company conveyed to defendant, Homeland Investment Company, Inc., the said land "to have and to hold . . . together with all privileges and appurtenances thereon and thereunto belonging . . ."

6. Thereafter, on 15 November, 1939, W. K. Dennis and wife conveyed to Security Finance Corporation of Durham, Inc., the strip of land, including the wall thereon as described, and under same covenant set forth in the above paragraph two, "to have and to hold . . . together with all privileges and appurtenances thereon and thereto belonging . . ."; and on 29 November, 1939, the Security Finance Corporation of Durham, Inc., in like manner conveyed same to plaintiff.

Plaintiff in his complaint alleges that the building at the southeast corner of Chapel Hill and Corcoran Streets "now owned by the Homeland Investment Company is fastened to the said party wall now owned by the plaintiff and has been fastened to and resting upon said party wall all of the time it has been owned by the said defendants, and that if it were not for the said party wall the said building of defendants could not remain standing and could not be used for any business or gainful purposes"; that defendants have had the use and benefit of said party wall since 11 March, 1933; and .that, by reason thereof, plaintiff is entitled to "fair and reasonable compensation therefor," in the sum of thirty dollars per month, no part of which has been paid. Evidence for plaintiff tends to show that fifteen or sixteen dollars per month would be a fair rental.

While in answer thereto, defendants admit that the east wall of the Thomas Book Store building is the party wall, they deny right of plaintiff to recover anything, and, in further defense, aver, *inter alia,* that under the deed of trust executed by W. K. Dennis and wife to F. L. Fuller, Jr., Trustee, and *mesne* conveyed, all as stated in above uncontroverted facts, "the said Homeland Investment Company is now the owner and holder of said parcel of land, together with all privileges and appurtenances thereon and thereto belonging, in fee simple," and "has the right and privilege of using said party wall . . . without paying any rent therefor as a privilege and right appurtenant to its ownership of the lot commonly known as Thomas Book Store building."

Upon the trial below, at the close of evidence for plaintiff tending to show facts substantially as hereinabove set forth, the court sustained motion of defendants for judgment as in case of nonsuit.

From judgment in accordance therewith plaintiff appeals to Supreme Court, and assigns error.

*J. Grover Lee* and *R. O. Everett* for plaintiff, appellant.
*W. W. Sledge* and *Fuller, Reade, Umstead & Fuller* for defendants, appellees.

WINBORNE, J. In the light of the factual situation presented in the record on this appeal, the ruling of the trial court follows a principle of law well established in this and other jurisdictions.

It is a general rule of law that where one conveys a part of his estate, he impliedly grants all those apparent or visible easements upon the part retained which were at the time used by the grantor for the benefit of the part conveyed, and which are reasonably necessary for the use of that part. Jones on Easements, section 129; Washburn on Easements, 3rd Ed., p. 41; 17 Am. Jur., 945, Easements, section 33 *et seq;* 28 C. J. S., 687, Easements, section 30 *et seq; Carmon v. Dick,* 170 N. C., 305, 87 S. E., 224; *Meroney v. Cherokee Lodge,* 182 N. C., 739, 110 S. E., 89; *Henry v. Koch,* 80 Ky. Reports, 391; *Irvine v. McCreary,* 108 Ky., 495, 56 S. E., 966; *Stone v. Burchead* (Ky.), 169 S. W., 489; *Burling v. Leiter,* 272 Mich., 448, 262 N. W., 388, 100 A. L. R., 1312; *Bright v. Allan* (Pa.), 53 Atl., 251; *Malcolm v. Fuller* (Mass.), 25 N. E., 82. See, also, *Hair v. Downing,* 96 N. C., 172, 2 S. E., 520; *Bowling v. Burton,* 101 N. C., 176, 7 S. E., 701.

Notwithstanding the fundamental principle that a person cannot have an easement in his own land, "it is a well settled rule that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary to the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law. . . . The underlying basis of the rule is that unless the contrary is provided, all privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the property granted substantially in the condition in which it is enjoyed by the grantor are included in the grant." 17 Am. Jur., 945; Easements, Implied, section 33.

There are three essentials to the creation of an easement by implication upon severance of title: (1) A separation of the title; (2) before the separation took place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained. 17 Am. Jur., 948, Easements, section 34; *Carmon v. Dick, supra.*

In the *Carmon case, supra,* it is said: "An easement which is apparent and continuous, such as a drain or other artificial watercourse, a thing which is continuous in its service, and which does not require active intervention of the owner for its continuance, and can always be seen or known on careful inspection, will pass on the severance of two tenements as appurtenant, without the use of the word 'appurtenances'; but an easement which is not apparent and non-continuous, such as a right of way, which is enjoyed at intervals, leaving no visible sign, in the interim, of its existence, will not pass unless the grantor uses language sufficient to create the easement *de novo."*

When tested by these principles, the facts in the present case present every essential element necessary to create in favor of F. L. Fuller, Jr., Trustee, and his assigns, under the deed of trust from W. K. Dennis and wife, an easement by implication of law in the wall on the strip of land retained by Dennis, and now owned by plaintiff: (1) Dennis had acquired the wall from Watts under covenant running with the title that it should "be and remain a party wall for the perpetual use and benefit of" them "their heirs, assigns, successors, and grantees." (2) This wall became the west wall and support of the Thomas Book Store building which Dennis erected on the adjoining lot. The title to the building and the wall was united in Dennis and, hence, in keeping with the principle that a person cannot have an easement in his own land, none existed in his favor. Yet the wall was apparently and obviously, and is actually a permanent part of the building, and, admittedly, necessary to the beneficial enjoyment of it. (3) Then when Dennis conveyed the land on which the building stood and retained the wall to which it was attached and the land on which the wall stood, he created the severance of title. Thereupon a right in the grantee to continue to use the wall as incident and appurtenant to the ownership of the building arose by implication of law from the fact that the wall actually existed as a part of the building. Title to the wall, which remained in Dennis, became charged with this easement. The plaintiff by *mesne* conveyance from Dennis acquired no greater right than Dennis had, that is, he took the title with the servitude upon it.

The cases of *Reid v. King,* 158 N. C., 85, 73 S. E., 816, and *George v. Smathers,* 198 N. C., 212, 151 S. E., 194, upon which plaintiff relies in the main, treat of principles pertinent to factual situations which differ from that involved in the present case, and, hence, may not be considered as conflicting with the results here.

The judgment below is

Affirmed.