E. J. SPRUILL AND M. J. SPRUILL v. CECIL NIXON.

(Filed 4 November, 1953.)

**1.  Easements § 2—**

Where the owner of a tract of land which has a road or cartway thereon which has been used so long and so obviously as to show that it was meant to be permanent, divides the tract into separate parcels by deed, and the use of the easement is necessary to the beneficial enjoyment of a portion of the land so divided, the grantee of such portion is entitled to an easement by implication of law.

**2.  Judgments § 1—**

A judgment by consent is a contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and such judgment cannot be modified or set aside without the consent of the parties except for fraud or mistake in an independent action instituted for that purpose.

**3.  Judgments §§ 3½, 32: Easements § 2—**

A judgment entered by consent of the owners of adjacent tracts of land in an action instituted solely for the purpose of establishing the boundary line between said tracts, without reference to an easement by implication of law existing in favor of the one party against the other, will not be construed as affecting the easement, and will not bar a subsequent proceeding to enjoin the obstruction of the cartway, instituted by the owner through *mesne* conveyances of the one tract against the owner through *mesne* conveyances of the other tract.

APPEAL by defendant from *Parker (Joseph W.), J.,* at April Term, 1953, of WASHINGTON.

Civil action for an injunction preventing defendant from obstructing or otherwise interfering with a road leading from U. S. Highway No. 64 through land of defendant to adjoining lands of plaintiff E. J. Spruill.

In the Superior Court the parties stipulated that the sole controversy to be determined and tried herein shall be the claim of plaintiffs to an easement or outlet between land of plaintiff E. J. Spruill and the public highway through and over the lands of defendant Cecil Nixon.

The parties waived jury trial and consented that the court hear the evidence, find the facts and enter judgment thereon.

And the parties further stipulated, in substance, that on 18 March, 1915, Axie Lane owned, as an entire tract, the lands of plaintiff E. J. Spruill and of defendant; that on "that date Axie Lane conveyed to Sarah E. Phelps, by deed which has been duly registered, all of the tract which was adjacent to the public road, and same has passed by *mesne* conveyances to and is now owned by defendant"; that on same date Axie Lane conveyed part of the remaining land to S. S. Lane, by deed which has been duly registered, and the remainder to Enoch Nixon, by deed which has been duly registered, and these two tracts of land passed by specific *mesne* conveyances to plaintiff E. J. Spruill, and that the deeds from Axie Lane to S. S. Lane and Enoch Nixon, and all of the said *mesne* conveyances contained *habendum* and *tenendum* clauses as follows: "together with all privileges and appurtenances thereto belonging."

And from the evidence adduced upon the hearing the court finds the following facts: (Numbers and paragraphing supplied.)

(1) "That the plaintiffs' and defendant's title to their respective lands described in the complaint and answer is derived from a common source, to wit, Axie Lane;

(2) "That at the time Axie Lane was in possession of the lands now owned by plaintiffs and defendant there was a road leading from the public highway now designated as U. S. Highway 64 through the lands now owned by the defendant, into and across the lands now owned by the plaintiffs;

(3) "That subsequent to this date, to wit, on the 18th day of March, 1915, Axie Lane conveyed her entire tract of land in three parcels to her daughter and two sons, Sarah E. Phelps, S. S. Lane, and Enoch Nixon;

(4) "That through *mesne* conveyances the land of Sarah E. Phelps came into possession (of), and is now owned by the defendant in this action—the same lying between U. S. Highway 64 and the two tracts conveyed to her sons;

(5) "That the lands conveyed by Axie Lane to her sons S. S. Lane and Enoch Nixon through *mesne* conveyances are now in the possession of and owned by the plaintiffs in this action;

(6) "That this roadway has been in use for at least 65 years up until the present date by the plaintiffs and their predecessors in title;

(7) "That there was prior to 1951, and for a period of as much as 35 years, a cart path from the lands of the plaintiffs across lands formerly owned by J. E. Davenport and now belonging to Wesley Chesson; and that this road or pathway has not been in use since 1951, due to the alteration of its point of junction with the highway leading from Plymouth to Mackey's Ferry by the State Highway and Public Works Commission;

(8) "That at this time there is no other way of ingress or egress into and out of the lands owned by the plaintiffs other than the road leading across the lands of the defendant to U. S. Highway 64;

(9) "That in a previous action entitled 'T. E. Ainsley against Cecil Nixon,' having to do with the establishment of a boundary line between the lands of Cecil Nixon, the defendant in this action, and the lands of T. E. Ainsley, the plaintiff in the former action, which lands are now owned by and in the possession of the plaintiffs in this action, a judgment was rendered establishing said line and adjudging the defendant in the action to be the owner of and entitled to the possession of the lands lying between U. S. Highway 64 and the lands of T. E. Ainsley, said lands now being the same lands now owned by the plaintiffs in this action; and

(10) "That prior to the alteration of the path or roadway by the State Highway and Public Works Commission, as hereinabove set forth, plaintiffs' predecessors in interest used both paths or roadways for ingress and egress into and out of the lands described herein as plaintiffs'.

"The court being of the opinion, contrary to the contention of the attorney for the defendant, that the judgment entered in the action entitled 'T. E. Ainsley against Cecil Nixon' does not constitute a bar to the plaintiffs' right to the use of the path from the lands of the plaintiff over and across the lands of the defendant to U. S. Highway 64, overruled his motion for judgment as of nonsuit at the conclusion of the plaintiffs' evidence and renewed at the conclusion of all the evidence."

And "the court further finds as a fact that the plaintiffs are entitled to the use of the roadway across the lands of the defendant as hereinabove described."

Thereupon the court "ordered, adjudged and decreed that the defendant Cecil Nixon, his agents, servants and employees, be, and they are hereby permanently restrained and enjoined from interfering, obstructing, molesting, or in any other manner preventing or attempting to prevent the plaintiffs, their successors and assigns, from the use of the roadway leading from the lands of the plaintiffs across the lands of the defendants into U. S. Highway 64," and "that the defendant pay the costs of this action to be taxed by the clerk."

Defendant appeals therefrom to Supreme Court and assigns error.

*Bailey & Bailey for plaintiffs, appellees.*
*W. L. Whitley for defendant, appellant.*

WINBORNE, J.    Two questions, determinative of this appeal, are here presented for consideration and decision.    1. Was an easement in the road across the land, now owned by defendant, created by implication of law, upon the severance of unity of title by the common grantor, Axie Lane, as set forth in the facts found by the trial court?    2. If so, was such easement extinguished by the judgment in the civil action instituted by T. E. Ainsley, immediate predecessor in title of present plaintiff, against Cecil Nixon, the present defendant?

In the light of applicable principles of law, applied to the facts found by the trial judge, this Court holds that the first question is properly answered in the affirmative, and that the second merits a negative answer.

As to the first question: "It is a well settled rule of law that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude at the time of the severance is in use and is reasonably necessary to the fair enjoyment of the other part of the estate, then upon a severance of ownership, a grant of the right to continue such use arises by implication of law . . . The underlying basis of the rule is that unless the contrary is provided, all privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the property granted substantially in the condition in which it is enjoyed by the grantor, are included in the grant."    17 Am. Jur. 945, Easements, Implied, Section 33.

There are three essentials to the creation of an easement by implication upon severance of title: (1) A separation of the title; (2) Before the separation took place the use which gave rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained.    17 Am. Jur. 948, Easements, Section 34.

These principles as to creating easements by implication of law upon severance of unity of title has been recognized, and applied in numerous cases in North Carolina.    See *Bowling v. Burton,* 101 N.C. 176, 7 S.E. 701; *Carmon v. Dick,* 170 N.C. 305, 87 S.E. 224; *Ferrell v. Trust Co.,* 221 N.C. 432, 20 S.E. 2d 329; *Packard v. Smart,* 224 N.C. 480, 31 S.E. 2d 517, 155 A.L.R. 536; *Neamand v. Skinkle,* 225 N.C. 383, 35 S.E. 2d 176.

Now as to the second question: The judgment referred to was entered by consent.    It is a settled principle of law in this State that a consent, judgment is the contract of the parties entered upon the records with the approval and sanction of a court of competent jurisdiction, and that such

contracts cannot be modified or set aside without the consent of the parties thereto, except for fraud or mistake, and that in order to vacate such judgment an independent action must be instituted. See *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209, and cases there cited. See also among other cases: *Edmundson v. Edmundson,* 222 N.C. 181, 22 S.E. 2d 576; *S. v. Griggs,* 223 N.C. 279, 25 S.E. 2d 862; *Rodriguez v. Rodriguez,* 224 N.C. 275, 29 S.E. 2d 901; *Williamson v. Williamson,* 224 N.C. 474, 31 S.E. 2d 367; *Davis v. Whitehurst,* 229 N.C. 226, 49 S.E. 2d 394; *Ledford v. Ledford,* 229 N.C. 373, 49 S.E. 2d 794.

In the case in hand the premises set out in the consent judgment in *Ainsley v. Nixon* is that "this cause comes on now to be adjudged by the Clerk by consent, the parties having agreed upon a settlement of all matters in controversy herein as herein set out." And there is in the entire proceeding no mention of the easement created by implication of law. Hence giving effect to the consent agreement, as stated by the parties then owning the lands, it seems manifest that the parties did not intend that the judgment should affect the easement created by implication of law by the severance of unity of title at the common source.

All assignments of error have been duly considered, and error in them is not made to appear.

Hence the judgment below is

Affirmed.