STELLAR BUIE v. CECIL H. PHILLIPS AND BLANCHE B. PHILLIPS

No. 6812SC263

(Filed 25 September 1968)

1. **Easements § 3—— easement by implication or estoppel —— adjoining properties —— binding on grantees**

    Where adjoining properties of separate owners have been developed in relation to each other so as to create cross easements in the stairways, hallways, or other private ways serving both properties, such easements, if open, apparent and visible, pass as an appurtenant to the respective parties and are binding on grantees although not referred to in the conveyance.

2. **Easements § 3—— easement by implication or estoppel —— sufficiency of complaint**

    Allegations that plaintiff bought property which bordered a road built upon the land of defendants' grantor, that defendants' grantor knew that the road was used by plaintiff and others for ingress and egress and by the general public, that defendants' grantor kept the road in repair by mutual agreement with plaintiff and other residents who used the road, that when defendants purchased property upon which a portion of the road had been built, the road was plainly visible and constantly in use, and that the properties of plaintiff and defendants had a common corner, *are held* insufficient to establish an easement by implication or estoppel, the properties of plaintiff and defendants not adjoining and plaintiff and defendants' grantor not having developed their property in relation to each other.

APPEAL by plaintiff from *Brewer, J.,* 25 March 1968 Civil Session, Superior Court of CUMBERLAND.

Plaintiff seeks a mandatory injunction compelling the defend-

ants to desist from obstructing an alley or passageway she denominates as Joyce Street in the city of Fayetteville and to remove therefrom all obstructions. Plaintiff also asks that she and her heirs and assigns be given the permanent and perpetual right to maintain Joyce Street so as to make the road passable for vehicular traffic. The complaint, in substance, alleges:

That the plaintiff is the owner of a certain described lot beginning at a point in the southern margin of an alleyway which point is 150 feet east from the intersection of said alley with the eastern margin of Murchison Road, the lot having a width on the alley of 50 feet and running back between parallel lines a depth of 50 feet; that the lot was acquired by plaintiff in 1955 by deed duly recorded; that the deed contains the following: "To have and to hold the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging, to the said party of the second part, her heirs and assigns to their only use and behalf forever"; that the defendants own a certain described lot fronting 25 feet on the northeastern side of Murchison Road and running back between parallel lines a depth of 150 feet and being a portion of Lot 22 of the Jennie Wheller property, which lot was acquired by them in 1957 from Odell Garris; that both lots are portions of the Wheller Subdivision, a map of which is of record in Book of Plats 9, at page 76, Cumberland County Registry; that in 1952 Odell Garris purchased all of Lot No. 22 which lot fronts on Murchison Road 25 feet and is approximately 242.7 feet in length; that in 1953 Garris cut a road through his property from Murchison Road to Magnolia Avenue (now sometimes known as Slater Avenue); that the road cut by Garris was originally 8 feet wide and ran approximately along the northern line of Lot No. 22; that the road was widened by the use thereof by persons living on the street and is now commonly known as "Joyce Street"; that the road has been used since 1953 and until August 1967 when it was blocked by defendants; that the street was used by all persons living on it and by the general public; that the street known as "Joyce Street" runs along the front or southeastern side of plaintiff's lot and at the time she purchased it until the present a part of the street lies within the bounds of her lot; that when she purchased her lot "Joyce Street" was in existence and plainly visible and in use; that Odell Garris observed the home of plaintiff while it was being constructed in 1955, helped in the construction, and knew it was to front on "Joyce Street"; that at various times from 1953 through 1965, Odell Garris had house trailers on Lot No. 22 owned by him and the occupants thereof used "Joyce Street" as a means of ingress and egress; that in 1957 Odell Garris sold to C. H. Phillips

and wife, defendants herein, a portion of Lot No. 22; that at that time Joyce Street was in existence, plainly visible on the ground, used as a means of ingress and egress by all persons who lived on "Joyce Street", more particularly by the plaintiff, and was also used by the general public; that Odell Garris, by mutual agreement with residents on the street and more particularly with the plaintiff, has repaired said road on numerous occasions up to and including 1965, when he sold the remainder of Lot No. 22; that when defendants purchased the property from Odell Garris in 1957, the road was plainly visible on the ground, constantly in use, was partially situate on the land defendants bought from Odell Garris, and entered Murchison Road on the property purchased from Odell Garris.

Defendants demurred to the complaint. The demurrer was sustained, and plaintiff appealed.

*Clark, Clark & Shaw by John G. Shaw for plaintiff appellant.*

*Carter & Faircloth by Cyrus J. Faircloth for defendant appellees.*

MORRIS, J.

Plaintiff contends that she has a right to use Joyce Street as a means of ingress and egress to her home because there is an easement over the lands of defendants and that her complaint sufficiently alleges facts which, if proved, entitle her to the relief sought.

"Joyce Street", in which plaintiff alleges a right, runs along the southeasterly side of plaintiff's lot.

It is interesting to note that the description in plaintiff's deed calls for an alley on the northwesterly side of her lot which enters Murchison Road. The record is silent as to whether this alley actually exists. The record is also silent as to whether Odell Garris owned all of the 25-foot strip of land running from Murchison Road to Magnolia Street at the time the road was constructed or at the time plaintiff acquired her lot. Nor does the complaint identify plaintiff's grantor.

Plaintiff candidly admits that she does not purport to allege and, in truth, cannot allege facts sufficient to support an easement by grant, prescription, or dedication.

[1]   She vigorously contends, however, that she has alleged facts sufficient to support an easement by estoppel. She relies on *Packard v. Smart*, 224 N.C. 480, 31 S.E. 2d 517, which, she says, should control this case because the facts alleged bring it within the rationale of the *Packard* case. We do not agree.

In the *Packard* case, heard on appeal from the overruling of a demurrer, the complaint alleged that the plaintiff and defendant owned *contiguous* lots, each fronting 20 feet on Main Street in the city of Hendersonville and having a depth of 103 feet; that in 1924 plaintiff and one B. L. Foster entered into a parol agreement to construct an Arcade Building on the entire length of both lots to be two stories in height, 40 feet in width, and to have an eight-foot hallway in the center of the first and second floors, *the center of the hallway to run with the boundary line between the two properties.* The stores, rooms, etc., on either side of the hallway were to be identical. The first floor was to consist of rooms or shops facing on Main Street or the arcade or hallway; the second floor of offices or apartments which were to open into the hallway. *It was agreed that the entire width of the hallway on both floors was to be for the use and benefit of both sides of the building and each party was to have the right to the full use, enjoyment and benefit of that part of each hallway lying on the land of the other.* The building was so erected at a cost of more than $50,000. The front and rear doors of the lower hallway were common doors and were locked and unlocked by common keys. The plaintiff and Foster *made the capital outlay by reason of their mutual promises and the agreement was to the mutual advantage of both.* The effect of the parol agreement was to create in equity reciprocal easements by estoppel in favor of each party against the half of each hallway on the land of the other and the estoppel would operate so long as the building remained on the property. Defendants acquired the Foster land in 1935. The complaint alleged that by accepting the deed, defendants became entitled to the mutual rights and obligated to perform the mutual burdens in the hallways. It also alleged that the construction was such as to indicate openly and visibly the existence of reciprocal easements and put prospective purchasers on notice of the benefits and burdens arising from the joint use of the property. Six years after defendants purchased the Foster land, they erected a wall about one inch thick and seven feet high extending the entire length of the hallway on both floors and just on their side of the division line. The complaint alleged that the estoppel created between him and Foster was binding on defendants and that he was entitled to a mandatory injunction to compel the removal of the walls. Our Supreme Court affirmed the trial court. The Court noted that for approximately 17 years the hallways, apparently a substitute for a party wall, were used as contemplated by the original builders and so used for six years by the defendants. Justice Denny (later C.J.), speaking for the Court, said:

"The greater weight of authorities seem to hold that no easement

or *quasi*-easement will be created by implication, unless the ease-
ment be one of strict necessity, but we think that means only
that the easement should be reasonably necessary to the just
enjoyment of the properties affected thereby, and it is so stated
in Thompson on Real Property, Vol. 1, sec. 409 (369), p. 668,
citing many cases, among them *Bowling v. Burton,* 101 N.C.
176, 7 S.E. 701. This is in accord with the decision of this Court
in the case of *Ferrell v. Trust Co.,* 221 N.C. 432, 20 S.E. (2d)
329, in which we held: 'It is a general rule of law that where one
conveys a part of his estate, he impliedly grants all those ap-
parent or visible easements upon the part retained which were
at the time used by the grantor for the benefit of the part con-
veyed, and which are reasonably necessary for the use of that
part,' citing numerous authorities.

The fact that the title to the Foster property, now owned by the
defendants, and the title to the property of the plaintiff, were
not vested in a common owner at the time of the construction
of the building involved herein, is immaterial. Easements created
by implication or estoppel do not necessarily stem from a com-
mon ownership. *But where adjoining properties of separate own-
ers have been developed in relation to each other, so as to create
cross easements* in the stairways, hallways, or other private
ways, serving both properties, such easements, if open, apparent
and visible, pass as an appurtenant to the respective properties,
and are binding on grantees, although not referred to in the con-
veyance. This view is in accord with many authorities from
other jurisdictions." (Emphasis supplied.)

Cases from other jurisdictions were discussed, but all of them in-
volved the creation of cross easements by *adjoining* property owners.

[2]    In the case before us, title to the properties of the parties was
not vested in a common owner at the time of the construction of the
road. As stated in *Packard, supra,* this is immaterial. However, a fact
which appears to us to be very material is lacking. The property of
plaintiff and the property of defendants is not adjoining or con-
tiguous property. This is apparent from the complaint. It is true
that the southwest corner of plaintiff's property is a common corner
with the northeast corner of defendant's property. Our view of the
*Packard* case is that the rule therein enunciated applies *"where ad-
joining properties of separate owners have been developed in relation
to each other, so as to create cross easements."* No case has been
called to our attention which extends the rule to apply to the facts
alleged in this case. We are not inadvertent to the fact that the

Court applied *Packard* in the case of *Neamand v. Skinkle,* 225 N.C. 383, 35 S.E. 2d 176, a case decided a year later. The facts of that case, however, clearly bring it within the *Packard* rationale.

Here it appears that Garris cut the road in 1953 for his own use. When the plaintiff purchased land partially bordering on the road built upon land owned by Garris, Garris did not object to plaintiff using the road. However, Garris and the plaintiff were not separate owners who had developed their property in relation to each other. The plaintiff was merely using the road with the permission of Garris. It would appear that Garris could have closed the road any time he wished. There being no easement which was binding upon Garris, there is no easement which is binding upon the defendant, the grantee of Garris.

With commendable candor, plaintiff admits that if the facts alleged in her complaint do not bring her within the framework of the facts alleged in *Packard,* the complaint is demurrable. While we agree that this is a hardship case, we are compelled to hold that the complaint fails to state a cause of action under the law of this State.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.