(No. 15522.—Decree affirmed.)

JOSEPH J. CASSIDY *et al.* Appellants, *vs.* THOMAS M. CAS-
SIDY *et al.* Appellees.

*Opinion filed October 20, 1923.*

EASEMENTS—*when land of grantees is charged with easement
for roadway.* Where a common ancestor has from time to time
used a certain strip of land as a roadway across his property to a
public road and subsequently divides the land and conveys it in
separate parcels by warranty deeds to his children, who continue
from time to time to use the strip as a road, there is an easement
for the roadway appurtenant to the lands of all the grantees, though
it may not be absolutely necessary for the enjoyment of the es-
tates conveyed.

APPEAL from the Circuit Court of Montgomery county;
the Hon. THOMAS M. JETT, Judge, presiding.

J. D. WILSON, for appellants.

HARRY C. MILLER, and HILL & BULLINGTON, for ap-
pellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellants, Joseph J. Cassidy, Frank Cassidy and Pat-
rick Cassidy, filed a bill in chancery in the circuit court of
Montgomery county to enjoin appellees, Thomas M. Cas-
sidy and Jerome Cassidy, from taking or using a certain
strip of land as a road. Three issues were raised by the
bill and the answer: (1) Whether the strip of land has
been dedicated to the public as a highway; (2) whether
an easement appurtenant to the lands of both appellants and
appellees exists in the strip; and (3) appellees' contention
that appellants have an adequate remedy at law. The trial
court found that the equities of the case were with appellees
and dismissed the bill for want of equity.

In the view we take of the case it is only necessary
to discuss the second question raised, as to there being an

309—30

easement appurtenant to the lands of both defendants and complainants.

The land involved in this controversy was originally owned by Patrick Cassidy, Sr. About the year 1885 he built a residence on his farm. A few years later he built another house to the westward, which was occupied by his son Thomas within less than a year after its completion. A driveway has been in use for more than thirty years connecting these two houses and also connecting with the public road in such a way as to furnish a more direct and convenient means of reaching the city of Nokomis. The Cassidy farm lies three miles to the north of Nokomis and most of the business of those who have lived on the land has been transacted in that city. The driveway was used by Patrick Cassidy, Sr., his tenants and employees, and by such of the public as had occasion to call. Barns and other improvements have been built along the line of this driveway. From the evidence it appears that temporary fences or bars were at times erected across this driveway when it was desired to pasture the land or to accommodate the occupants for any other purpose. In 1901 Cassidy and his wife divided the land here involved and conveyed it in four separate parcels by warranty deeds to their four children, appellants, Joseph J. Cassidy, Frank Cassidy and Patrick Cassidy, Jr., and appellee Thomas M. Cassidy. The conveyances of such land did not contain any express grant or reservation of any right of way or easement for a driveway. The buildings upon the property had, however, been constructed with reference to the driveway and the easier accessibility to Nokomis through its use. Testimony was presented, and not denied, to the effect that when Cassidy gave the deeds to his children he said that he did not give the road to anyone and that it was for the travel of all of them. There is uncontroverted evidence also to the effect that Thomas, at the time of the conveyance to him by his father, assumed a mortgage which had been placed

on all the property here involved and afterward paid it. Up until a few years past the driveway has been used by all of the parties, apparently without difficulty, and, so far as can be determined from the evidence, gates or bars have been temporarily erected with the approval of all of those using the driveway.

In order for the appellees here to prevail it is only necessary to establish an easement on behalf of Thomas M. Cassidy of such a character as to entitle him to use the strip of land in going to and from his property. It is not necessary to prove that the easement is absolutely necessary for the enjoyment of the estate claimed. In the case of *Cihak* v. *Klekr,* 117 Ill. 643, this court quoted with approval from Washburn on Easements, (3d ed. p. 95,) as follows: "It [the easement] must be reasonably necessary to the enjoyment of the part which claims it, and where that is not the case it requires descriptive words of grant or reservation in the deed to create an easement in favor of one part of a heritage over another." This same doctrine is laid down in a later edition of that work. (4th ed. p. 103.) In the *Cihak case* this court also said (p. 653): "When the owner of two tenements or of an entire estate has arranged and adapted these so that one tenement or one portion of the estate derives a benefit and advantage from the other, of a permanent, open and visible character, and he sells the same, a purchaser takes the tenement or portion sold with all the benefits and burdens which so appear at the time of the sale to belong to it." A similar rule was laid down by this court in *Gulick* v. *Hamilton,* 287 Ill. 367, at page 373.

Upon the facts of this case as we find them in the record we are of the opinion that appellants took the land by deed from their father charged with an easement in favor of the property also taken by deed from the father by his son Thomas, one of the appellees. It follows that the decree of the trial court should be affirmed.

*Decree affirmed.*