THOMAS H. BRADLEY v. GEORGIA BRADLEY.

(Filed 1 February, 1957.)

**1. Easement § 2—**

An easement by implication is created upon separation of title when a use has been so long continued and is so obvious as to show it was meant to be permanent, and the easement is necessary to the beneficial enjoyment of the land conveyed.

**2. Same—**

In plaintiff's action to establish an easement by implication, plaintiff's evidence which discloses that the use of the claimed easement would be a mere convenience in providing a shorter way to other lands owned by plaintiff, is insufficient, since the grant of an easement by implication cannot be based upon mere convenience but is to be implied only where the easement is necessary for the full enjoyment of the land granted.

**3. Same—**

An easement by implication arises only in relation to the land granted in the severance of title, and may not rest upon the convenient use of lands acquired by claimant from other sources.

JOHNSON, J., not sitting.

APPEAL by defendant from *Hall, J.,* March Term 1956 of ORANGE. This is an action to establish an easement by implication.

In 1940 the defendant, Georgia Bradley, was the owner of a farm containing 164 acres located in Cedar Grove Township, Orange County, North Carolina, situated on both sides of a public highway known as the Mebane-Carr Road, hereinafter referred to as the G. Bradley farm. Also in 1940 Will Tate was the owner of land adjoining the G. Bradley farm on the south that fronted on the Mebane-Carr Road, and A. H. Whitted was the owner of land adjoining the G. Bradley farm on the west that is separated from the Mebane-Carr Road by the G. Bradley farm but fronts on another public road.

In 1940 the plaintiff, Thomas H. Bradley, negotiated with all three of the above landowners for the purchase of land from each of them and in fact did purchase two acres from the defendant, Georgia Bradley, hereinafter referred to as the Bradley lot, 2-15/100 acres from Will Tate, hereinafter referred to as the Tate lot, and 75 acres from A. H. Whitted, hereinafter referred to as the Whitted land. The Bradley lot and the Tate lot are adjoining parcels and front on the Mebane-Carr Road. The Whitted land adjoins the G. Bradley farm on the west and is separated from the Bradley and Tate lots by lands of the G. Bradley farm. The distance across the G. Bradley farm from the Bradley and Tate lots to the Whitted land is approximately 915 feet.

Prior to 1940, the plaintiff alleges and contends there was a country road which turned off the Mebane-Carr Road near the southern boundary of the G. Bradley farm and ran westward through the two-acre parcel subsequently conveyed to the plaintiff and referred to herein as the Bradley lot, into the interior and across the G. Bradley farm and into and across the Whitted land and Lot No. 4, being the Richmond tract purchased by the plaintiff in 1942. Thence through Lot No. 5, on which the Mt. Zion Christian Church is located, and from there to a public road as shown on a map introduced in evidence by plaintiff and marked "Plaintiff's Exhibit A."

On the other hand, the defendant alleges and contends that prior to the sale of the two acres of land to plaintiff by the defendant, the road in controversy was only a private farm road, used by the defendant as a means of access to cultivated fields located in the interior of the G. Bradley farm; that occasionally neighbors, including the plaintiff, have used this passageway with the express or implied permission of the defendant, and said passageway has never been a public way and has never been used by the public or anyone regularly, under claim of right or otherwise; that after the defendant sold the two-acre lot to plaintiff, the defendant's tenant closed that part of the private farm road that ran across the two-acre lot and relocated it east of the Brad-

ley lot on the defendant's premises. The closed portion of the road was later reopened by consent of the parties; the defendant, however, continued to use the relocated portion of the road.

The plaintiff offered evidence tending to show that for many years the road led from the public highway through defendant's farm to the Whitted land and was used by the owner of each for the benefit of both farms.

The defendant's evidence tended to show that the road never extended beyond the defendant's land until the plaintiff extended it across the Whitted land after he built on the lots purchased by him on the Mebane-Carr Road in 1942 or 1943. The defendant's evidence is to the further effect that the road was extended pursuant to the verbal permission given by the defendant for the plaintiff to go through her field to work, provided he would haul no heavy loads through it or cut up her field.

Plaintiff testified, "I asked Miss Georgia Bradley and she agreed to me crossing on the road that had been there. She said, 'We use the road.'" This witness was asked if he didn't try to get the defendant to put this permission in writing when he purchased the land from her, and his answer was, "Yes, I asked her." The plaintiff was then asked the following question: "Did you ask her for permission to go across her place? A. Yes sir, I thought it looked better. No, I didn't pay her anything for it and she didn't give me any deed." According to the plaintiff's evidence he paid the defendant $40.00 for the two acres fronting on the Mebane-Carr Road, which is a hard surfaced highway. The plaintiff and the defendant are first cousins.

The plaintiff and the tenant of the defendant, who is a brother of the defendant, had a dispute over some timber and the tenant, with the permission of the defendant, again closed the road at the point where the original road ran across the land purchased from the defendant by the plaintiff, to the Mebane-Carr Road.

The following issue was submitted to the jury and answered in the affirmative: "Does the plaintiff have an easement over the roadway across the lands of the defendant, as alleged in the complaint?"

From the judgment entered on the verdict, the defendant appeals, assigning error.

*Bonner D. Sawyer and W. R. Dalton, Jr., for appellee.*
*Long, Ridge, Harris & Walker for appellant.*

DENNY, J. We shall first consider defendant's assignment of error No. 8, based on exceptions to the refusal of the court below to allow her motion for judgment as of nonsuit interposed at the conclusion of plaintiff's evidence and renewed at the close of all the evidence.

The plaintiff's evidence in the trial below was for the most part of the character usually offered to establish an easement by prescription. However, having failed to negative permissive user, on a previous hearing for injunctive relief, based on allegations in his original complaint to the effect that the plaintiff and his predecessors in title had used the road in controversy for more than fifty years, which use had been open, adverse, notorious, continuous and uninterrupted, except when the defendant or her agent or employees blocked the road by cutting trees across it, he amended his complaint and alleged an easement by implication.

The plaintiff concedes he is not entitled to an easement by necessity. In fact, the record discloses that the plaintiff may reach the Whitted land by traveling a few hundred yards south from his home on the Mebane-Carr Road and then west over an improved highway which runs through the defendant's land. This public road constitutes the entire southern boundary of the Whitted land. The plaintiff may also reach the Whitted land by traveling over the Mebane-Carr Road in a northerly direction from his home to a public road which runs from the Mebane-Carr Road in a northwesterly direction along the Mt. Zion Christian Church lot, then over a public road which runs through the church lot, across the Richmond tract to the Whitted land.

The law relating to the creation of easements by implication is well established in this and other jurisdictions. In 17 Am. Jur., Easements, section 33, page 945, *et seq.*, it is said: "It is a well-settled rule ·that where, during the unity of title, an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary for the fair enjoyment of the other part of the estate, then upon a severance of the ownership, a grant of the right to continue such use arises by implication of law. . . . The underlying basis of the rule is that unless the contrary is provided, all privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the property granted substantially in the condition in which it is enjoyed by the grantor are included in the grant."

There are three essentials to the creation of an easement by implication of law upon severance of title. They are: (1) A separation of the title; (2) before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained. "Separation of title implies, of course, unity of ownership at some former time as the foundation of the right. The easement derives its origin from a grant and cannot legally exist where neither the party

claiming it nor the owner of the land over which it is claimed, nor anyone under whom they or either of them claim, was ever seized of both tracts of land. This unity of title must have amounted to absolute ownership of both the *quasi*-dominant and *quasi*-servient tenements." 17 Am. Jur., Easements, section 34, page 948; *Barwick v. Rouse, ante,* 391, 95 S.E. 2d 869; *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323; *Green v. Barbee,* 238 N.C. 77, 76 S.E. 2d 307, 46 A.L.R. 2d 455; *Ferrell v. Trust Co.,* 221 N.C. 432, 20 S.E. 2d 329; *Carmon v. Dick,* 170 N.C. 305, 87 S.E. 224.

In the instant case, when we apply the law to the facts, it is clear that before the plaintiff would be entitled to an easement by implication over the premises of the defendant, it would be necessary for him to establish by the greater weight of the evidence that such an easement is necessary to the beneficial enjoyment of the land granted to him by the defendant. There is no evidence on this record to support the view that an easement across the lands of the defendant is necessary or would add to the beneficial enjoyment of the land conveyed to the plaintiff by the defendant. *Green v. Barbee, supra; Milliken v. Denny,* 141 N.C. 224, 53 S.E. 867. The only possible beneficial use that the plaintiff could derive from such an easement would be to give him a shorter and more convenient way to the Whitted land. "The grant of an easement cannot be implied from convenience, but is only implied where it is necessary to the full enjoyment of the thing granted." Thompson on Real Property, Permanent Edition, Volume 1, section 337, page 544.

An easement by implication of law extends only to the land granted or that retained, and not to land acquired from other sources. And there is no contention on the part of the plaintiff that there has ever been unity of title of the G. Bradley farm and the Whitted land. Moreover, aside from the evidence with respect to an easement by implication, the plaintiff's own testimony is sufficient to sustain the view that his use of the road across the defendant's land since 1940 has been permissive.

The facts here are distinguishable from those involved in the case of *Packard v. Smart,* 224 N.C. 480, 31 S.E. 2d 517, 155 A.L.R. 536, and other cases cited and relied upon by the plaintiff.

The defendant's motion for judgment as of nonsuit should have been allowed. The judgment of the court below is

Reversed.

JOHNSON, J., not sitting.