J. B. POTTER AND WIFE, FANNIE LEWIS POTTER v. HERBERT POTTER.

(Filed 29 January, 1960.)

1. **Easements § 3—**

    Where the owner of a tract of land conveys a portion thereof, the grantee takes the portion conveyed with the benefits or burdens of all those apparent and visible easements then existing which thus constitute easements appurtenant.

2. **Same—**

    While unity of title in the entire tract and a severance of such title is prerequisite to the creation of an easement by implication, ownership of the entire tract by tenants in common is sufficient unity of title to support an implied grant of easement upon the subsequent division of the land between them.

3. **Same—**

    While the location of a cartway must be definite to support an easement by implication, and a substantial deviation may be deemed an abandonment of such easement, the question of whether there has been such deviation as to work an abandonment is for the determination of the jury.

4. **Same—**

    An easement by implication must be appurtenant to a specific parcel of land.

5. **Same—**

    Evidence that two tenants in common divided the land between them, that at the time of the division there existed a cartway from the highway across the lands of one to the lands of the other, that such cartway was reasonably necessary for access to the lands of such other, that plaintiffs acquired by *mesne* conveyances the title to the dominant tenement, but with further evidence that each plaintiff owned separate parcels of the dominant tenement conveyed to them by separate deeds, is insufficient to establish plaintiffs' right to an easement appurtenant in the absence of evidence that such cartway was necessary for access to both tracts, or, if to only one, which one, since the evidence must show the specific parcel of land to which the easement is appurtenant.

APPEAL by plaintiffs from *Craven, S. J.,* July, 1959 Term, of BRUNSWICK.

Summons was issued and duly served 1 June 1959.

Plaintiffs' complaint is summarized as follows:

In 1897 F. M. Galloway conveyed to W. H. C. Potter and J. C. Potter a tract of land in Town Creek Township, Brunswick County, containing 261 acres. In 1902 J. C. Potter and wife conveyed the northern part of the tract to W. H. C. Potter and "plaintiffs have by *mesne* conveyances become the owners of this (northern part)." In 1914 W. H. C. Potter and wife conveyed to J. C. Potter the southern

part and "defendant has, by *mesne* conveyances, become the owner of (southern part)." At the time of the conveyance by Galloway the "Loop Road," a public highway, crossed the southern part now owned by defendant; at all times since the conveyance by Galloway the "Loop Road" has been the only highway crossing or "bordering upon either tract." At the time of the conveyance by Galloway there was a cart road leading from the "Loop Road" northwardly back into the whole of the 261-acre tract. The cart road was at all times, until April 1956, used and maintained by the owners of the land, including plaintiffs and defendant, "for the mutual benefit of both tracts (northern and southern parts)." This cart road is the only means of ingress and egress to and from plaintiffs' land. During this time there was "a slight relocation of a part of said road." Plaintiffs and their predecessors in title have continuously used the cart road since 1902 and the use has been "adverse under claim. of right, continuous, uninterrupted, open, peaceable, and exclusive with full knowledge of the owners" of the southern part. In April 1956 defendant obstructed the cart road and objected to further use thereof by plaintiffs. The cart road is the only "feasible means of access to plaintiffs' property." Plaintiffs ask injunctive relief.

Defendant denies the allegations of the complaint with respect to the roads, pleads adverse possession of his tract of land for 20 years and for 7 years under color of title, the statute of frauds, and the 3, 6, and 10 years statutes of limitations.

The parties stipulated in substance as follows:

The "Loop Road" crosses defendant's land, but no public highway crosses or borders on plaintiffs' lands. Plaintiffs' land and defendant's land adjoin. The conveyance by Galloway and the cross-conveyances by W. H. C. and J. C. Potter were as alleged in the complaint. Plaintiffs are owners of the northern part of the 261-acre tract by *mesne* conveyances from W. H. C. Potter and defendant is the owner of the southern part by *mesne* conveyances from J. C. Potter. Plaintiff J. B. Potter owns a portion of the northern part and his wife and co-plaintiff, Fannie Lewis Potter, owns the rest; they acquired their respective parcels by separate deeds. Defendant acquired the southern part of the 261-acre tract by deeds dated 4 April 1929 and 16 May 1932.

Plaintiffs' evidence, consisting of the testimony of male plaintiff and five other witnesses, tends to show:

Male plaintiff is a son of W. H. C. Potter and nephew of J. C. Potter. W. H. C. Potter and J. C. Potter are both dead, the latter died about 1953. Defendant is a son of J. C. Potter and first cousin of male plaintiff.

In 1958 plaintiffs filed petition to have a cartway laid out by a jury of view. A voluntary nonsuit was entered in this proceeding at the preceding term.

Male plaintiff testified: "The land I have been referring to as mine, actually one tract is owned by my wife. That is designated on the map as the Fannie Lewis Potter land. I own one by myself and she owns the other tract by herself."

Plaintiffs do not live on their land. None of it is cleared; there are no buildings on it. It is all woodland. Plaintiffs have had hogpens on it.

The public highway, "Loop Road," has been in substantially the same location since 1901. It formerly crossed Cherry Tree Branch "a little below where it is now." It runs generally east and west.

The cart road in question joins the "Loop Road" west of Bull Pond Branch, runs northwardly and about parallel to the Branch for 250 to 300 yards, then "moves off from the Branch and straight up" into plaintiffs' land; it goes into plaintiffs' wood and forks, one fork goes toward Cherry Tree Branch and the other to Hayes (a point unlocated by the evidence). The cart road has been used continuously from 1901 to April 1956 for hauling timber, kindling, lightwood, turpentine, wood, wood mold, posts and straw from the "northern part." It was used two or three times a month, sometimes every week. Male plaintiff has traveled the road with defendant and with J. C. Potter. The road is in about the same condition it was in 1901. There is no other road leading from plaintiffs' property to a public road, no other road leading from their property.

The cart road has been in the same location since 1901, except for a change in the 1930s. "At first the old road was about 100 yards from Bull Pond Branch, then it was moved to the edge of the field (defendant's) and is about 25 yards from Bull Pond Branch . . . (it) was changed a little from up on the hill to the edge of the branch . . ." It was moved by J. C. Potter.

Neither defendant nor his predecessor in title objected to or interferred with the use of the road until April 1956. Prior to that time there was no question or controversy about it. In April 1956 defendant erected a wire fence across it at one place and a slab gate at another. He told male plaintiff he was going to keep it closed, that he didn't want to pay taxes on the road for someone else to use. At the time the road was obstructed timber was being hauled from plaintiffs' land. The cutting and hauling of timber from their land could not be completed after defendant closed the road.

At the close of plaintiffs' evidence the court allowed defendant's motion for involuntary nonsuit.

From judgment nonsuiting and dismissing the action plaintiffs appealed and assigned error.   . .

*E. J. Prevatte and Herring, Walton & Parker for plaintiffs, appellants.*

*Kirby Sullivan for defendant, appellee.*         .    .

MOORE, J.  The sole question for decision is whether or not the court erred in granting defendant's motion for nonsuit.

Plaintiffs allege ownership of a private easement of cartway appurtenant to their land over the land of defendant to the public highway by reason of implied grant and prescription. They seek to enjoin defendant from obstructing the cartway.

We assume that plaintiffs do not rely on adverse user for twenty years under claim of right as a ·basis for relief since there is no discussion, argument or citation of authorities with. respect to prescription in their brief. They rely solely upon the principle of implied grant.

It is settled law in this jurisdiction that where an owner of a tract of land conveys a portion thereof, the grantee takes the portion conveyed with the benefits or burdens of all those apparent and visible easements which appear at the time of the conveyance to ·belong to it, as ·between it and the property which the grantor retains. *Bradley v. Bradley,* 245 N.C. 483, 96 S.E. 2d 417; *Barwick v. Rouse,* 245 N.C. 391, 95 S.E. 2d 869; *Spruill v. Nixon,* 238 N.C. 523, 78 S.E. 2d 323; *Carver v. Leatherwood,* 230 N.C. 96, 52 S.E. 2d 1; *Packard v. Smart,* 224 N.C. 480, 31 S.E. 2d 517; *Carmon v. Dick,* 170 N.C. 305, 87 S.E. 224. Stated another way: ". . . (W)here, during the unity of title, ·an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another part, which servitude, at the time of the severance, is in use and is reasonably necessary to the fair enjoyment of the other part of the estate, then upon a severance of the ownership, ·a grant of the right to continue such use arises by implication of law. . . . The underlying basis of the rule is that unless the contrary is provided, all privileges and appurtenances as are obviously incident and necessary to the fair enjoyment of the property granted substantially in the condition in which it is enjoyed by the grantor are included in the grant." *Barwick v. Rouse, supra,* quoting from 17 Am. Jur., 945, Easements Implied, section .33.

"No easement exists so long as there is a unity of ownership, because the owner of the whole may at any time rearrange the qualities of the several parts." *Carmon v. Dick, supra.* "There are three essentials to the creation of an easement by implication of law upon severance of title. They are: (1) A separation of the title; (2) before the separation takes place, the use which gives rise to the easement shall have been so long continued and obvious or manifest to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained. 'Separation of title implies, of course, unity of ownership at some former time as the foundation of the right. The easement derives its origin from a grant and cannot legally exist where neither the party claiming it nor the owner of the land over which it is claimed, nor anyone under whom they or either of them claim, was ever seized of both tracts of land. This unity of title must have amounted to absolute ownership of both the *quasi-* dominant and *quasi-*servient tenements.' " *Bradley v. Bradley, supra,* quoting in part from 17 Am. Jur., Easements, section 34, page 948. "The greater weight of the authorities seem to hold that no easement or *quasi-*easement will be created by implication, unless the easement be one of strict necessity, but we think that means only that the easement should be reasonably necessary to the just enjoyment of the properties affected thereby. . ." *Packard v. Smart, supra,* at page 484.

Defendant contends that there is no showing in the case at bar that the cartway existed at the time the lands of plaintiffs and defendant were owned as a unit by F. M. Galloway. Indeed, the evidence does not show that the cartway existed prior to 1901. Galloway conveyed the entire tract to W. H. C. and J. C. Potter, as tenants in common in 1897. However, there is evidence of continuous use of the cartway from 1901 until the Potters divided the tract between them and from that time until it was obstructed in 1956. The question arises: Was the ownership by W. H. C. and J. C. Potter as tenants in common such unity of title and the division of the land between them such serverance as to support an implied grant of easement?

No case in this jurisdiction has come to our attention which supplies the answer. It has been held in other jurisdictions that a sale of both parts of an estate at the same time to different purchasers gives rise to an easement by implication. *Cassidy v. Cassidy,* (Ill. 1923), 141 N.E. 149; *Baker v. Rice* (Ohio 1897), 47 N.E. 653. And the weight of authority here and in England is that on a partition or division of property between tenants in common, a right to use

a visible way will pass by implication. *Jones v. Bethel* (Ohio 1925), 152 N.E. 734; *O'Daniel v. Baxter* (Ky. 1901), 65 S.W. 805; *Leathers v. Craig* (Tex. 1921), 228 S.W. 995; *Kaiser v. Somers* (Ind. 1923), 138 N.E. 20. See also Annotations, 164 A.L.R., Visible Easements, section VI, pp. 1008-9, and 34 A.L.R., Visible Easement, section VI, pp. 246-7, for discussion and citation of cases.

*Jones v. Bethel, supra,* presents a factual situation almost identical with the case *sub judice.* The owner of a tract of land conveyed it to tenants in common who made use of a private roadway thereon leading to a public road which crossed one end of the property. The cotenants divided the land so that access to one part was only by way of the private road. Plaintiff and defendant therein acquired title by *mesne* conveyances from the original cotenants. Defendant obstructed the private roadway and cut off plaintiff's access to the highway. The Court said: ". . . the situation of the parties at the time this land was aparted constitutes the operative facts to support the claim of a grant by implication. . . . Furthermore, the fact that the title to this land as a separate tract was made by partition is recognized by authorities as affording a stronger presumption of an implied grant than one which might arise under the facts in *Baker v. Rice, supra,* (in which a parent conveyed portions of his land to his children). . . . (W)e conclude that the test of reasonable necessity for the way in question is all that may be made in the instant case, . . . In view of these considerations it is our conclusion that at the time Albert and Joshua Bethel (the cotenants) aparted their lands by mutual conveyances the way in controversy here is shown to have been used as the only outlet for the part it reached of the land Albert took, that it was reasonably necessary for the enjoyment of that part of the land, that no other way from that part of the land was practicable if at all possible, and that it added to its value and was therefore conveyed to Albert by implied grant in the deed from Joshua Bethel."

We are advertent to the decision of this Court in *White v. Coghill,* 201 N.C. 421, 160 S.E. 472. In that case petitioner was devised a tract of land without any way of egress to a public road except over the land of another devisee of the testator. Petitioner contended that she was entitled to a "way of necessity." The Court, after defining "way of necessity," concluded: ". . . the case at bar does not fall within the foregoing principles. There is no allegation in the petition that any *roadway* or *easement existed* or was used for the benefit of the land owned by the plaintiff, nor is there any provision in the devise creating such an easement. Hence, the situation

is that, according to the allegations of the plaintiff, she owns lands not accessible to a highway except by crossing the lands of defendants. These facts invoke the application of C.S., 3835 and 3836 (G.S. 136-68 and 136-69) as the exclusive remedy to which plaintiff is entitled." (Emphasis ours.) The holding in this case is not contrary to the principles set out in the two preceding paragraphs.

Except for the matter discussed below, plaintiffs' evidence makes out a *prima facie* case of easement of roadway by implied grant. The evidence and stipulations tend to show that both parts of the land were unified in title under the tenants in common, W. H. C. and J. C. Potter. A visible cartway was in continuous use serving the northern and southern portions and giving access to the public road. There was a severance and division of the land by cross-conveyances between the co-owners. The fact that these deeds were made at separate times seems inconsequential in light of all the circumstances and in the absence of some further showing. The road was in continuous use for the benefit of the northern portion until obstructed in 1956. No other way exists for ingress and egress to and from the northern portion. It is true there was a change or deviation in the location of a portion of the road. While the location of the cartway must be definite and specific and a substantial deviation might be deemed an abandonment of the easement, the question as to whether there was such deviation as to work an abandonment is for the jury. *Speight v. Anderson,* 226 N.C. 492, 497, 39 S.E. 2d 371; *Hemphill v. Board of Aldermen,* 212 N.C. 185, 188, 193 S.E. 153. It must be borne in mind that an easement by implication, if it exists at all, is appurtenant to a specific parcel of land. *Carmon v. Dick, supra.* Plaintiffs in the instant case own the "northern part" in two separate tracts; male plaintiff owns one, feme plaintiff the other. The complaint does not make this clear — it leaves the impression there is only one tract. Had the facts been clearly pleaded in this respect, the complaint would have been demurrable for misjoinder of causes of action. Defendant asserts that there is a variance between allegation and proof and the ruling of the court on the motion to nonsuit was proper for this reason. But we are disposed to regard the situation presented as a failure of proof. *Whichard v. Lipe,* 221 N.C. 53, 54, 19 S.E. 2d 14. There is sufficient evidence to take the case to the jury had the "northern part" constituted one tract or been under one ownership. But the evidence fails to disclose on which of plaintiffs' tracts the cartway lies and which it benefits or has benefitted. Is it situated on both tracts and has it served both tracts? If not, which one? Has the use been continuous

and necessary to both tracts? Has there been a discontinuance of use and abandonment of the easement as to one tract and, if so, which one? Is there an alternate way available to one tract and not the other? The evidence does not answer these questions. It must be shown that the easement, if any, is appurtenant to the specific tract of each plaintiff before both may be entitled to the relief sought. The evidence fails to show that it is appurtenant to both tracts in this case; if it is appurtenant to only one, it does not disclose which one.

Affirmed.