HUBERT McGEE v. MILDRED McGEE; DELORES McGEE DOWLESS AND HUSBAND, ROGER DOWLESS; REBECCA McGEE THOMPSON AND HUSBAND, EDWARD THOMPSON; IVEY W. McGEE, JR., AND JANICE L. McGEE

No. 765SC804

(Filed 6 April 1977)

Easements § 3— easement by implication — roadway to land

The trial court's determination that plaintiff acquired an easement by implication in a road across defendants' land was supported by evidence tending to show that there was a separation of title, that the road has been existence for more than 60 years and has been used during that time for ingress to and egress from plaintiff's tract,

McGee v. McGee

that the easement is necessary to the full and fair enjoyment of plaintiff's land, and that a second route to plaintiff's land is unsuitable and plaintiff would be required to tear down a building in order to widen it and make it suitable for use.

APPEAL by defendants from *P. Martin, Judge.* Judgment entered 19 March 1976 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 15 March 1977.

Plaintiff acquired his land from defendants' predecessor in title and alleges in his complaint that he acquired an easement across defendants' property by operation of the rule of law creating an appurtenant easement by implication. Plaintiff sued for an injunction opening the road in question, a judgment making his easement a matter of record, and for damages. The case was tried before the court sitting without a jury.

Both parties introduced evidence, which, in summary, is as follows:

The road in question was originally a crooked, rutted, dirt cart path, sometimes as much as twenty feet wide but much narrower in some places. It ran south from the Parmele Road for a distance of more than 620 feet. The road has been in existence more than sixty years, and at one time there were two or three houses on it. These houses were abandoned, however, and they fell down and disappeared. The road crossed two tracts of land, one being immediately north of the other, and both tracts apparently were undeveloped and wooded sixty years ago. Since that time the road has been used by persons to reach the houses along it, and to gain access to the southern tract in order to hunt, farm cotton, cut wood, and tend hogs which were kept in the woods.

At some unknown time Ivey McGee acquired title to this land, which included both tracts. While Ivey McGee owned the land, he and his family, including plaintiff, Ivey's brother, used the road to cross the northern tract to reach the southern tract, and also to reach other land owned by plaintiff which was contiguous to the southern tract. Evidence does not show exactly how often the road was used, but it was used often enough that it did not vanish.

In 1963, Ivey McGee conveyed the southern tract of land to his brother, Hubert, the plaintiff. Almost immediately the two brothers began improving the road, widening and straight-

ening it, and resurfacing the road with marl. In 1967, plaintiff opened a trailer park on the southern tract of land, and he used the road as the principal access to the park. Plaintiff had an alternate route across his land which lies to the west of the trailer park, but this alternate route was too narrow for the mobile homes. Three times plaintiff attempted to move trailers over this alternate route, and twice he damaged them. In order to widen the alternate road plaintiff would have to cut down a tree, move utility poles and knock down the walls of a commercial garage and another building.

Ivey McGee died in 1973, and in 1974 defendants, his heirs, barred the road leading across their land to the trailer park because the heavy traffic to the trailer park was incompatible with defendants' intended use of their land.

The court adjudged plaintiff to be the owner of an easement by implication in the roadway. Defendants appeal.

*Crossley & Johnson, by John F. Crossley, for plaintiff appellee.*

*Larrick & Tucker, by James K. Larrick, for defendant appellants.*

ARNOLD, Judge.

In *Dorman v. Wayah Valley Ranch, Inc.,* 6 N.C. App. 497, 170 S.E. 2d 509 (1969), this Court reiterated the three requirements of an easement by implication: (1) title shall have been separated between two tracts, one dominant and one servient; (2) before the separation took place, the use which gave rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained. Also, *see* Webster, Real Estate Law in North Carolina, § 282 (1971).

With regard to the third requirement that the easement be "necessary" to the beneficial enjoyment of the land granted, an easement implied upon severance of title is necessary if it is reasonably necessary to the full and fair use of the property. It need not be absolutely necessary. *Smith v. Moore,* 254 N.C. 186, 118 S.E. 2d 436 (1961).

Defendants concede that there was a separation of title. However, they contend that there was no evidence to show (1)

that any use of the roadway prior to the separation was so long continued or manifest as to show that it was meant to be permanent, and (2) that the roadway is necessary to the beneficial enjoyment of plaintiff's land. We disagree. There is clearly evidence to support the judge's findings that the road has existed for sixty or more years, and that the existence of the road for ingress and egress to plaintiff's property was so manifest that it was meant to be "a permanent easement and an appurtenance to the land conveyed . . . to plaintiff."

There is also evidence to support the finding that the easement, or the road, was reasonably necessary to the full and fair enjoyment of the land. An easement is reasonably necessary if it is so necessary to the full and fair enjoyment of the property that it appears that the grantor intended that the grantee have the easement. *Smith v. Moore, supra; Potter v. Potter,* 251 N.C. 760, 112 S.E. 2d 569 (1960). The presence of a second or alternate way onto the property is not conclusive proof that an implied easement is unnecessary. *Smith v. Moore, supra.* Where, as here, the second route is totally unsuitable, the easement is reasonably necessary. It is not reasonable to require plaintiff to tear down a building in order to make the alternate route suitable.

The findings of fact by the trial court are supported by competent evidence and the judgment is

Affirmed.

Chief Judge BROCK and Judge PARKER concur.