JESSE A. BROOME, ET UX LEWELLYN T. BROOME v. CHRISTOPHER S. PISTOLIS, ET UX HELEN A. PISTOLIS

No. 807SC1180

(Filed 4 August 1981)

**Easements § 5.3— driveway—easement by implication—insufficiency of evidence**

Evidence was insufficient to support creation of an easement by implication in a driveway between the parties' houses where the evidence established that plaintiffs had access to their property from a public street which was paved and provided parking; the front door of plaintiffs' dwelling was not more than 40 feet from the curb; there was sufficient width between the plaintiffs' house and their property line with defendant to provide plaintiffs with access by automobile to the rear of their house; and the evidence thus established that plaintiffs' use of the driveway in question was only a convenience to them and not a necessity.

APPEAL by plaintiffs from *Tillery, Judge.* Judgment entered 13 October 1980 in Superior Court, EDGECOMBE County. Heard in the Court of Appeals 27 May 1981.

Plaintiffs instituted this action to recover monetary damages and to obtain an injunction compelling the defendants to remove an obstruction from a driveway over which plaintiffs claim an easement by implication. Plaintiffs and defendants are next-door neighbors, and the driveway is between their houses. Defendants moved to dismiss the action for failure to state a claim, and the plaintiffs thereafter filed an amended complaint alleging their claim in more detail. A hearing was held on defendants' motion, and an order was entered finding facts and dismissing the action. Plaintiffs appeal.

*Hopkins & Allen, by Grover Prevatte Hopkins and Janice Watson Davidson, for plaintiff-appellants.*

*Weeks, Muse & Surles, by Oliver S. Surles, for defendant-appellees.*

HILL, Judge.

The parties stipulated to certain facts not alleged in the complaint for the purpose of the hearing on defendants' motion. It is clear from the order entered that the trial court considered the stipulated facts. The defendants' motion to dismiss for failure to state a claim was thereby converted into a motion for summary judgment. *See* G.S. 1A-1, Rule 12(b); *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). The plaintiffs did not object to consideration of the stipulated facts and did not request a continuance in order to produce other evidence. They participated in the hearing through counsel. Plaintiffs thus waived any objection to the consideration of defendants' motion as one for summary judgment. *Raintree Corp. v. Rowe,* 38 N.C. App. 664, 248 S.E. 2d 904 (1978). We interpret the order below as dismissing plaintiffs' action by way of summary judgment in favor of defendants. We interpret the "findings of fact" in the trial court's order as a mere statement of undisputed material facts since true findings of fact from disputed evidence are inappropriate in ruling upon either a motion to dismiss for failure to state a claim, *White v. White,* 296 N.C. 661, 252 S.E. 2d 698 (1979), or a motion for summary judgment, *Capps v. City of Raleigh,* 35 N.C. App. 290, 241 S.E. 2d 527 (1978). So interpreted, the order is affirmed.

There are three essential elements to the creation of an easement by implication upon severance of title. They are:

(1) A separation of the title; (2) before the separation took place, the use which gives rise to the easement shall have been so long continued and so obvious or manifest as to show that it was meant to be permanent; and (3) the easement shall be necessary to the beneficial enjoyment of the land granted or retained.

*Barwick v. Rouse*, 245 N.C. 391, 394, 95 S.E. 2d 869, 871 (1957). As to the element of necessity, although the greater weight of the authorities seems to hold that no easement will be created by implication unless the easement is one of strict necessity, our Supreme Court has interpreted the requirement to mean "only that the easement should be reasonably necessary to the just enjoyment of the property affected thereby . . .." *Packard v. Smart,* 224 N.C. 480, 484, 31 S.E. 2d 517, 519 (1944). Still, creation of an easement by implication cannot rest upon mere convenience. *Bradley v. Bradley,* 245 N.C. 483, 96 S.E. 2d 417 (1957).

The first two elements of plaintiffs' claim are not challenged on appeal. As to the element of necessity, the complaint and amended complaint each allege that the defendants' obstruction of the driveway prevents the plaintiffs from having access to the rear entrance of their residence, that the plaintiff Jesse A. Broome has difficulty with walking and now has to walk a greater distance to reach his house from the street, and that use of the driveway "is reasonably necessary for the plaintiffs to have the fair, full, convenient, and comfortable enjoyment of their property." The parties stipulated facts as follows:

1. There is more than an automobile's width between the Broome dwelling and the property line between the parties.

2. Both the Broome and Pistolis dwellings are situated on lots of about 53 feet in width, each lot fronting about 53 feet on Baker St. The dwellings' front doors are not more than 40 feet from the Baker St. curb.

3. The curb has been cut for a drive.

4. A manhole has been constructed near the drive exit.

5. Baker Street is curbed, guttered, paved and has parking on both sides.

6. The plaintiff, Jesse A. Broome, died subsequent to the filing of the complaint.

The material before the trial court established that the plaintiffs have access to their property from a public street which is paved and provides parking and that there is sufficient width between the plaintiffs' house and their property line with the defendants to provide plaintiffs with access by automobile to the rear of their house. The material thus established that the plaintiffs' use of the driveway in question is only a convenience to them, and such evidence will not support creation of an easement by implication. Summary judgment for defendants was proper.

Affirmed.

Judges MARTIN (Robert M.) and CLARK concur.