TED CASH v. RICHARD CRAVER, MARY ADELAIDE AUSTELL CRAVER
AND PHIL RUCKER

No. 8227SC510

(Filed 17 May 1983)

1. **Easements § 5.2— easement by implication—reasonable necessity**
    The trial court properly found that defendants owned an easement by implication in a road where the road had been regularly used for farm and travel purposes before severance, and where there were extensive difficulties inherent in exploiting an alternate way onto defendants' property.

2. **Easements § 5— easement by implication—sufficiently identified**
    In an action in which an easement by implication was established, the evidence presented sufficiently identified the easement over plaintiff's land where the evidence revealed the roadway had been substantially in place for over 60 years.

3. **Evidence § 11— dead man's statute—testimony admissible**
    Although the trial court improperly sustained an objection to certain testimony on grounds of the North Carolina dead man's statute, G.S. 8-51, since the testimony was offered in favor of those claiming an interest through the decedent, the error was not prejudicial since the testimony was inadmissible as hearsay and therefore properly excluded.

APPEAL by plaintiff from *Friday, Judge.* Judgment entered 24 November 1981 in Superior Court, CLEVELAND County. Heard in the Court of Appeals 18 March 1983.

Plaintiff sought a permanent injunction barring defendant Mary Adelaide Austell Craver, owner of a tract of land abutting

plaintiff's property, her husband, Richard Craver, their lessee, Phil Rucker, and their tenants and assigns from using a road that crosses plaintiff's property. The trial court denied plaintiff's request for injunctive relief, ruling on defendant Mary Craver's counterclaim that defendants own an easement by implication in the road. Plaintiff appealed from the judgment.

*Lamb & Bridges, by Forrest D. Bridges and James W. Morgan, for plaintiff-appellant.*

*DeLaney, Millette, DeArmon & McKnight, by Richard D. Craver, for defendant-appellees.*

HILL, Judge.

Relying on the trial court's findings, which are supported by competent evidence and thus are conclusive, *Williams v. Insurance Co.*, 288 N.C. 338, 218 S.E. 2d 368 (1975), we consider the facts on which the court's order was predicated. We conclude the trial court properly found an easement by implication in favor of defendants and affirm the judgment below.

Plaintiff Ted Cash and defendant Mary Adelaide Austell Craver own adjoining tracts of land in Number VI Township, Cleveland County, North Carolina, that formerly were wholly owned by W. J. Roberts. In 1917, the 170-acre Craver tract was severed from the whole by a deed of record. The 70-acre Cash tract was severed by deed of record in 1942. Roberts School Road, the subject of this suit, ran across the Cash and Craver tracts prior to severance. The road, following generally known and visible lines, has always been used by plaintiff, defendant Craver, their predecessors in title, assigns and lessees as a schoolway and farm-to-market road, as well as a general means of ingress and egress to the interior lands for farming and transportation to the major highways abutting the tracts.

The trial court found that, while rights to Roberts School Road were never granted defendant by deed, "the use of the roadway in question was and is reasonably necessary to and for the lands now owned by the defendants" for purposes of farming and transporting crops to market. The court concluded an implied easement over the Roberts School Road exists in favor of defendants largely because, prior to severance, "the use, which gave

way to said easement, had been so long continued, observed and manifest as to show that it was meant to be a permanent one and that the easement was and is necessary to the defendant's beneficial enjoyment of the interior lands."

We hold, in affirming its order, that the trial court properly denied plaintiff's motion for a permanent injunction and found an easement by implication in favor of defendants; plaintiff's argument to the contrary is without merit.

It is apparent from Judge Friday's order that he found an easement implied from prior use (in technical parlance, an easement implied from a quasi-easement), an assessment with which this Court concurs. *See generally* Glenn, *Implied Easements in the North Carolina Courts: An Essay on the Meaning of "Necessary,"* 58 N.C.L. Rev. 223 (1980) (to aid courts in differentiating between easements by necessity and easements implied from a quasi-easement, the author suggests that "easement implied by prior use" be substituted for its more technical formulation).

The elements of proof for easements implied from prior use are: (1) separation of title; (2) prior use "so long continued and so obvious or manifest as to show that it was meant to be permanent," and (3) that the claimed easement was "necessary to the beneficial enjoyment of the land." *Carmon v. Dick,* 170 N.C. 305, 308, 87 S.E. 224, 225-26 (1915); *Smith v. Moore,* 254 N.C. 186, 118 S.E. 2d 436 (1961); *McGee v. McGee,* 32 N.C. App. 726, 233 S.E. 2d 675 (1977). The court found facts, to which plaintiff failed to except, in accordance with the requisite elements of proof. Having excepted to the judgment, plaintiff raises only the question of whether the findings support the judgment. North Carolina Rules of Appellate Procedure, Rule 10(a). We hold that the findings of fact, which essentially recite the elements of the easement implied from prior use, do indeed support the judgment.

The plaintiff, who apparently concedes the existence of severance and prior use, contends in support of his first assignment of error that necessity has not been shown. While we need not discuss the sufficiency of the evidence in order to reach our conclusion, *id.,* we briefly consider the question to dispel any confusion regarding the degree of necessity required for an easement implied from prior use.

A showing of strict necessity is not required for an easement arising from prior use. *Smith v. Moore, supra.*

> It is sufficient to show such physical conditions and such use as would reasonably lead one to believe that grantor intended grantee should have the right to continue to use the road in the same manner and to the same extent which his grantor had used it, because such use was reasonably necessary to the "fair" . . . "full" . . . "convenient and comfortable" . . . enjoyment of his property.

*Id.* at 190, 118 S.E. 2d at 438-39 (citations omitted); *see also Broome v. Pistolis,* 53 N.C. App. 366, 280 S.E. 2d 794 (1981) (creation of an easement implied from prior use cannot rest upon mere convenience). The party must establish by the greater weight of the evidence that the easement is reasonably necessary to the beneficial enjoyment of the land. *See Bradley v. Bradley,* 245 N.C. 483, 96 S.E. 2d 417 (1957). The presence of a second or alternative way onto the property is not conclusive proof that an implied easement arising from prior use is unnecessary. *See McGee v. McGee, supra.* Indeed, perhaps of greater significance is evidence that supports the inference that the parties intended the use to continue after severance.

[1] In the present case, the road had been used regularly for farm and travel purposes before severance. That the road has been regularly and similarly used by defendants, their predecessors in title, lessees and neighbors is certainly probative of their right to use the road. While there was evidence of another road on the Craver property by which access to a major abutting highway could be gained, there was also evidence that (1) the road would require major repairs to be passable; and (2) use of the road might necessitate defendants' crossing land belonging to others over which they have no enforceable right-of-way. In any event, the prior, regular and continuous nature of the use and the difficulties inherent in exploiting an alternate way, if one does exist, amply support the findings.

[2] We further hold that the findings of fact and evidence presented at hearing sufficiently identify the easement over plaintiff's land.

At trial, a county tax map of the premises on which witnesses marked location of the easement was used for illus-

trative purposes. The trial judge found that "the defendant has shown by the greater weight of the evidence an implied easement over the roadway in question, and the same is hereby established, ordered, and decreed to so be."

The evidence reveals the roadway had been substantially in place for over sixty years. One witness indicated the course of the roadway on the map. Another testified in reference to the map, "The roadway still runs the same course as during the time I was using it. You can see the old roadbed all the way through there . . . ." This witness identified monuments along the right of way and stated that he had attended the Roberts School. It is apparent the Roberts School Road may be readily located on the parties' land, a fact of which the judge obviously took account. *See Thompson v. Umberger,* 221 N.C. 178, 19 S.E. 2d 484 (1942). We conclude the description to be adequate and find plaintiff's contention to the contrary to be without merit.

Plaintiff argues that the trial judge improperly permitted defendants' attorney to ask leading questions of "friendly witnesses." We hold the court acted properly. In the exercise of its discretion, the court may allow leading questions to be asked of a witness when it seems advisable; in the absence of abuse, the exercise of such discretion will not be disturbed on appeal. *State v. Greene,* 285 N.C. 482, 206 S.E. 2d 229 (1974), *see* 1 Stansbury *North Carolina Evidence* § 31 (Brandis Revision 1982). The plaintiff has failed to persuade this Court that the trial judge abused his discretion or that plaintiff was prejudiced.

[3] In his final argument, plaintiff contends the court improperly sustained an objection to certain testimony on grounds of the North Carolina dead man's statute, G.S. 8-51. Finding the testimony was offered *in favor of* those claiming an interest through the decedent, we agree that the judge misstated the grounds for exclusion. *See id.* (testimony regarding statements of the decedent *adverse* to those claiming an interest through the decedent is inadmissible). Nevertheless, the testimony was inadmissible as hearsay and therefore properly excluded. *See Trust Co. v. Wilder,* 255 N.C. 114, 120 S.E. 2d 404 (1961), *Schoolfield v. Collins,* 281 N.C. 604, 189 S.E. 2d 208 (1972). This assignment is overruled.

No error.

Judges WEBB and JOHNSON concur.