# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

ROBERT D. QUIRK & another *vs.* TOWN OF MAYNARD. September 16, 1971. The town took by eminent domain two parcels to obtain access to a water supply under Lot A. Upon a petition for assessment of damages there was a substantial verdict with respect to Lot A. The town presents various exceptions. (1) Evidence was properly admitted bearing upon the effect of the known presence of water upon the fair market value of Lot A. See *Carlson* v. *Holden,* 358 Mass. 22, 26. (2) The judge's charge, in the light of the evidence, adequately covered matters upon which he was asked to give instructions. (3) There was insufficient basis in the evidence to require instructions with respect to G. L. c. 131, § 117C, inserted by St. 1965, c. 220. (4) Evidence bearing upon certain engineering and subdivision planning costs had some relevance on the issue of fair market value. (5) An expert witness called by the town testified that in his appraisal he had "considered" certain sales of land near Lot A. For the purpose of testing knowledge, methods, and opinion of the witness, the judge could properly allow him to be asked on cross-examination whether the sales had been at a higher unit price than he had used in appraising Lot A. *Valley Paper Co.* v. *Holyoke Housing Authy.* 346 Mass. 561, 568-569. See *Hunt* v. *Boston,* 152 Mass. 168, 171; Nichols, Eminent Domain (Rev. 3d ed.) § 18.45; Wigmore, Evidence (3d ed.) § 464. The judge, in his discretion even on cross-examination, appropriately might have required preliminary proof of the comparability to Lot A of the other parcels. The statement, however, that the witness had "considered" the sales to some extent implied comparability. In these matters much must be left to the judge's discretion. The judge was not asked to limit the effect of the testimony. In any event, any error was harmless for the witness at once, on redirect examination, was allowed to testify that he did not regard the other parcels as comparable for reasons stated by him in great detail. On this point, this is the opinion of a majority of the court.

*Exceptions overruled.*

*Philip M. Cronin* for the respondent.
*J. Owen Todd* for the petitioners.