LIC, INC. *vs.* TOWN OF HUDSON. June 19, 1980. The town appeals from a judgment based on a jury verdict awarding the plaintiff damages for an eminent domain taking by the town of 18.88 acres of the plaintiff's land. The town complains of rulings by the trial judge admitting evidence relating to the enhanced value of the land by reason of water deposits. There was no error.

Prior to the taking, extensive tests showed that the property was "exceptionally fitted for a municipal water supply". *Smith* v. *Commonwealth,* 210 Mass. 259, 261 (1911). Although the value for this special purpose is not the test, such purpose can be considered in ascertaining what the property is worth in the marketplace. See *Moulton* v. *Newburyport Water Co.,* 137 Mass. 163, 167-168 (1884); *Newton Girl Scout Council, Inc.* v. *Massachusetts Turnpike Authy.,* 335 Mass. 189, 194 (1956).

"Evidence was properly admitted bearing upon the effect of the known presence of water upon the fair market value" of the land. *Quirk* v. *Maynard*, 360 Mass. 845 (1971). This is true even though the land had not been previously used as a source of water. *Fosgate* v. *Hudson*, 178 Mass. 225, 232 (1901). *Southwick* v. *Massachusetts Turnpike Authy.*, 339 Mass. 666, 670 (1959). Its use for that purpose was imminent, see *Smith* v. *Commonwealth*, 210 Mass. at 261, and it was proper to show that the town had a chronic water shortage.

The question of what evidence should be admitted on the subject of valuation is left largely to the discretion of the trial judge. *Smith* v. *Commonwealth*, 210 Mass. at 261. It is also within his discretion to determine whether special conditions exist so that methods other than comparable sales can be used in establishing value. *Correia* v. *New Bedford Redevelopment Authy.*, 375 Mass. 360, 367 (1978). Here, there was evidence that there were no comparable sales of land enhanced by similar water deposits. In formulating his opinion as to the enhanced value of the land, the plaintiff's expert used a capitalization of income method based on the water production capacity of the well and price per million gallons. The allowance of the expert's opinion based on this method was not an abuse of the discretion of the trial judge, and the record and briefs in *Quirk* v. *Maynard*, *supra*, suggest that a similar method was used by the plaintiffs' expert in that case. See also *Providence & Worcester R.R.* v. *Worcester*, 155 Mass. 35, 41 (1891), where the court discussed the discretion of the trial judge in allowing or rejecting such evidence in relation to showing enhanced value of land by reason of gravel deposits.

*Judgment affirmed.*

*Order denying motion for new trial affirmed.*

Max L. Rubin (*Frederick G. Miller* with him) for the defendant.
George A. McLaughlin, Jr. (*John S. Leonard* with him) for the plaintiff.